In the Matter of the Estate of WILLIAM W. McLAUGHLIN, Deceased.

Surrogate's Court, New York County, August 23, 1937.

*James V. Kilroe*, for Helen Edna McLaughlin, trustee.

*Cardozo & Nathan [Sidney B. Cardozo* of counsel], for Irene N., Irene M. and Natalie Coffey and Edna Coffey Reynolds, objectant residuary legatees.

*Frank S. Stevens, Jr.*, for Joseph W. Coffey, objectant legatee.

*Andrew D. Weinberger*, for Mary Ziegfield and DeLories Noel, objectant residuary legatees.

*John W. Hannon*, special guardian for infants.

*Louis Reibel*, for A. Morton Baliba, assignee.

DELEHANTY, S. The voluminous objections filed to the trustee's account were summarized during the course of the hearings and the summary was used as a basis either for agreement among the parties or as definition of the questions submitted for decision. The court understands that the parties have reached agreement on figures and on allocation of items which dispenses with the need for any ruling on objections numbered 1, 2a, 3, 4, 5, 8, 9, 11 and 12.

Objection 2 is overruled. The court holds on the facts proved that no loss has resulted to the trust estate by reason of the trustee's occupying space which was not rentable during her occupancy. She must not by her occupancy prevent receipt of income to the trust, and, in view of present rental conditions, will presumably be chargeable at a fair rental with any future occupancy of rentable space.

Objections 6, 6a and 7 involve the trustee's right to commissions. Under the rule in *Matter of Schinasi* (252 App. Div. 82) the entire compensation of the trustee for real property management is to be found in the five per cent gross rents payable under subdivision 9 of section 285 of the Surrogate's Court Act to a fiduciary who manages property, plus ordinary commissions on net rents. Accordingly objections 6, 6a and 7 are sustained by

disallowing as credits the expenditures for salary of the fiduciary, for salary of the employee and for telephone or other office expense for the period after qualification of the trustee.

The decision in *Matter of Adler* (164 Misc. 544), filed simultaneously herewith, disposes of objection 10. It is not without utility, however, to state briefly the facts in this estate and the principles deemed applicable thereto. In his lifetime deceased held and managed a large share of his property through Ande Realty Co., Inc. He had 1,998 shares of stock of this corporation in his own name when he died. Probably he owned the remaining 2 shares of the 2,000 share total. In any event, the trustee now has all the shares. The corporation's books carried at deceased's death an account showing a balance due deceased from the corporation. The trustee, through the corporation, has paid to herself as trustee about $32,500 on account of the principal of that debt. This sum was paid out of the net rents received from the corporation's realty.

It is evident that two results flow from that course. The life beneficiaries are deprived of income and the settled public policy of the State against accumulations is violated. As was shown in *Matter of Adler*, the method pursued will eventually increase the capital of the estate by the amount of the debt, and such increase will be due to the use of income for the purpose. Quoting *Hascall v. King* (162 N. Y. 134): " The statute aims to prevent such a disposition of an estate as would deprive some one of the present enjoyment of each and every dollar of the net income, with the single exception of minors, *and the court should give full effect to the statute and not countenance an accumulation of income by indirection where it would not by direction.*" (Italics supplied.) Nearer still to a case such as here is *Thorn v. De Breteuil* (86 App. Div. 405). There a testator directed continuance of his business and the payment of specified amounts of income therefrom to various beneficiaries. He directed that the surplus income be added to the capital of the business. In holding the direction void the Appellate Division said (at p. 412): " The policy of our Legislature is plain. The principle forbids accumulations, and the prohibition of the statute is upon the result, not upon any particular means of reaching it. Whether the profit or produce be derived from land, a house, a bond or a business is not material to the principle; it is the heaping up of the returns, rents, interest, profits, that offends the law." In expressing agreement with the court below on this element of the case, the Court of Appeals (179 N. Y. 64, at p. 75) discussed a distinction drawn by the referee below who differentiated income from a business ascertained at stated times from income derived

from realty, from bonds and the like. The Court of Appeals denied validity to the distinction, saying: " That a distinction exists in the orig'n, or source, of what constituted the income of the trust estate, which the trustees were to make application of, must be conceded; *but the statute is too comprehensive in its terms to allow of a case being excepted from its operation upon any such distinction.* The prohibition is against al directions for accumulation. As it was well observed in the opinion of the Appellate Division, ' any direction as to profits must be, either for accumulation, or for application. If it be for the former, then it is opposed to the spirit of the statute, as much as if the testator had, in express words, directed that the profits should constitute an estate. *It is the fact of the accumulation, not the form of it, that must control.' "* (Italics supplied.)

There are two features in the present case which may be argued to differentiate it from the cases just discussed. The testator here did not in his will direct his executrix-trustee expressly to use corporate net income to extinguish the debt. And the income is *corporation* income in the first instance and is not in terms *estate* income. While the statute forbids a *direction* by a testator for an accumulation it is aimed essentially at the *fact of accumulation* rather than the state of mind of the testator. It is intended to prevent the sterilizing of the usufruct of an estate. It was said in *Matter of Rogers* (22 App. Div. 428, 431; affd., 161 N. Y. 108) that " no principle of public policy declared by our statute law has been more firmly and r'gidly upheld by the courts than this inhibition against accumulation." Does the fact that the income accumulated is *corporation* income in the first instance bar the application of the statute? CULLEN, J., *in a dictum* in *Matter of Rogers (supra)* said: " The only way that this provision against accumulations can be avoided (I do not say evaded) is through the medium of a corporation, for then the legal ownership of the corporation is interposed between the shareholder and the property. Technically, though also legally, the specific thing which is the subject of the trust is not an interest in the property of the corporation, but in the shares of the corporation. The identity of the subject matter of the trust, therefore, remains the same, though its value may be vastly enhanced by accumulations from income or profits which would not be permitted in case of the bequest or devise of specific property or specific funds. It would be impracticable, or at least extremely inconvenient, to attempt to obviate this injustice to a life tenant in the case of the stock of a corporation continuing to do business " (p. 437).

In affirming the result in the *Rogers* case the Court of Appeals said nothing anent Judge CULLEN's dictum. Attention was called to their silence on the point in *Thorn* v. *De Breteuil* (*supra*), at page 425 of that decision. The inconvenience and impracticability on which alone Judge CULLEN based his views are nonexistent when as here the sole stockholder is the fiduciary who is under control of the court. If the viewpoint of CULLEN, J., is sound, then there is at hand a vehicle for *evading* (not avoiding) the statute. Until that evasion is held permissible by an appellate court in a case requiring decision of the precise point it should be held that the use of the corporation device is ineffective and that the courts may reach the income in an appropriate proceeding and prevent its accumulation.

If it be argued that such a rule infringes the independence of the corporation it is sufficient answer that no fiduciary can be permitted to aouse his trust by discrimination between his *cestuis*, and no corporation wholly owned by a fiduciary should enjoy an independence which merely works a wrong. If corporate independence is asserted to defeat a settled State policy and to deprive income beneficiaries of their rights the courts must curtail the power to harm. Like every other fiction in the law, a corporation may not number among its purposes the violation of law. When it is used so to do the courts must control it. That control is easy and certain through direction to the fiduciary, who is subject to the orders of the court.

In this case the income beneficiaries (other than the trustee) ask the court to direct dissolution of the Ande Realty Co., Inc., so as to vest its assets in the trustee. The court conceives that it has such power in the case of a corporation wholly owned by an estate, and will exercise the power here since there is no positive objection by the trustee and since the parties seem to agree that no incidental harm will come to the trust estate by reason of the dissolution. The decree to be entered may provide therefor.

Objectants assert that basis exists for removal of the trustee. They rely on facts proved (as they assert) in her accounting as an executrix. The referee to whom that accounting was sent has not yet reported, and, of course, no action has been taken finally on the allegations said to have been proved against the trustee. There is no need to keep open this accounting for the hearing of such charges. They may be presented in a future proceeding after the court has made its decision on the referee's report. The decree may contain a clause reserving to objectants the right to institute such proceeding.

Commissions will be allowed the trustee. They will be computed on the basis of the rule in *Matter of Schinasi (supra)*. Since the salary drawings were made in good faith, the trustee will not be penalized therefor. All salary drawn after qualification is deemed on account of commissions, and will be so dealt with.

Submit, on notice, decree accordingly.