In the Matter of the Accounting of CITY BANK FARMERS TRUST COMPANY, as Trustee under Four Trust Agreements Executed Respectively by REGINALD A. CLARKE and Others, Respondent. AUDLEY CLARKE COMPANY et al., Respondents; GERTRUDE S. KITFIELD, Appellant.

Argued October 8, 1953; decided January 21, 1954.

*David Oppenheim, M. S. Isaacs* and *I. S. Isaacs* for appellant.

*Conrad Saxe Keyes* for City Bank Farmers Trust Company, respondent.

*William Walzer* and *Martin J. Walzer* for Audley Clarke Company and others, respondents.

*Alfred Norick,* as guardian ad litem for Evelin B. Young and others, infants, respondents.

*Per Curiam.* By separate instruments bearing the same date — December 29, 1931 — the four children of Audley Clarke created reciprocal trusts of their stockholdings in the Audley Clarke Company and the Audley Clarke Corporation, a then wholly owned subsidiary, which was later merged with and became part of the Audley Clarke Company. In this proceeding by the trustee to settle its account from 1931–1949, the secondary income beneficiary of one of the trusts objects to the account insofar as the trustee, in computing distributable income, deducted a sum for depreciation on the real estate owned by the Audley Clarke Company or its subsidiaries. We are all agreed that on the facts of this case it was proper for the trustee to make a deduction for depreciation; that the amount was proper and that the deduction was made without fraud or bad faith. From the depreciation reserve a mortgage on a building owned by a subsidiary of Audley Clarke Company was paid off and a capital loss on a business, conducted by a 50% owned subsidiary, which had become a casualty of the depression period, was in part offset on the books. On this record we find no error in that procedure affecting the objectant.

The order should be affirmed, with costs to all parties appearing separately and filing separate briefs payable out of the trust estate.

FROESSEL, J. (dissenting). I dissent and vote to modify the order of the Appellate Division and the decree appealed from by disallowing the application of depreciation reserves to the payment of (1) the capital loss of $178,000 as a result of the stock investment in the Central Concrete Mixing Corporation, and (2) the $55,750 principal balance of the first mortgage covering the Oceana Theatre premises (*Hascall* v. *King,* 162 N. Y. 134; *Thorn* v. *De Breteuil,* 179 N. Y. 64; *Guaranty Trust Co. of N. Y.* v. *Halsted,* 245 N. Y. 447, 462; *Matter of Adler,* 164

Misc. 544; *Matter of McLaughlin,* 164 Misc. 539; *Matter of Kaiser,* 58 N. Y. S. 2d 787; *Matter of Danziger,* 58 N. Y. S. 2d 790, 794–796, mod. on other grounds and otherwise affd. 271 App. Div. 888; Real Property Law, § 61; Personal Property Law, § 16). The disposition below sanctions an improper transfer from income to principal and violates the settled public policy of the State against accumulations.

Lewis, Ch. J., Conway, Desmond, Dye, Fuld and Van Voorhis, JJ., concur; Froessel, J., dissents in memorandum.

Order affirmed.