In the Matter of the Accounting of CITY BANK FARMERS TRUST COMPANY, as Trustee under Four Trust Agreements Executed Respectively by REGINALD A. CLARKE and Others, Respondent. AUDLEY CLARKE COMPANY et al., Respondents; GERTRUDE S. KITFIELD, Appellant.— In a proceeding by the trustee under article 79 of the Civil Practice Act to settle its accounts of four *inter vivos* trusts, appellant (an income beneficiary of one of the four trusts) filed objections to the accounts insofar as there was deducted from real estate income a depreciation reserve. Her objections were overruled at Special Term; in the decree, she was allowed $1,000 for the services of her attorneys. This court affirmed the decree of Special Term on March 30, 1953 (281 App. Div. 905). On April 8, 1953, appellant moved at Special Term for an allowance to her attorneys for the services rendered on the appeal to this court. On May 5, 1953, the motion was denied. On January 21, 1954, the Court of Appeals affirmed our determination of March 30, 1953 (306 N. Y. 733). On February 10, 1954, appellant moved at Special Term for an allowance to her attorneys for the services rendered on the appeal to the Court of Appeals. On March 29, 1954, that motion was denied. This is an appeal from so much of the order of May 5, 1953, as denied the allowance requested for the appeal to this court, and from the order of March 29, 1954, denying the allowance requested for the appeal to the Court of Appeals. Order dated May 5, 1953, insofar as appealed from, and order dated March 29, 1954, affirmed, with one bill of $10 costs and disbursements. While there is authority for the granting of an allowance to a party who is not a trustee for the services rendered by his attorneys (*County Trust Co.* v. *Young,* 287 N. Y. 801; *Chemical Bank & Trust Co.* v. *Ott,* 248 App. Div. 406, 422, mod. 274 N. Y. 572), Special Term was without power to

make such an allowance after the determination of the prior appeals (*Schenectady Trust Co.* v. *Emmons,* 290 N. Y. 225). Nolan, P. J., Adel, Schmidt, Beldock and Murphy, JJ., concur.