■  In the Matter of the Intermediate Accounting of WILLIAM A. COY, as Trustee under the Will of WILLIAM AMBROSE, Deceased, Respondent. MARGARET SCHMITT et al., Appellants; MELISSA HOOSER et al., Respondents.— Appeal from a decree of the Surrogate's Court of Ulster County authorizing the sale of certain trust realty and settling the intermediate account of the trustee. The trust corpus consists of decedent's apple farm with its improvements and equipment. Decedent's direction and intent that this business be continued and be managed by petitioner trustee, who was his grandson and whose life measures the duration of the trust, are clear beyond cavil. It seems to be undisputed that the will permits no sale or other disposition of the business. To the difficulties inherent in this situation are added the burdensome complications, risks and large expense of this type of fruit farming. The cost of raising, harvesting and marketing the annual crop upon this 118-acre farm is close to $500 per acre; the weather factor may on occasion be ruinous; conditions of market and competition also involve risk and require large expenditures for storage; and the preservation of the capital investment requires periodic renewal of orchards so that there will always exist a substantial percentage of young trees. Appellants, who are among the income beneficiaries, object generally to the trustee's practice in setting up from trust income a reserve for depreciation; and specifically to expenditures from that reserve for capital improvements — principally a cold storage plant and a migrant labor camp — to the extent that the cost could not be met by the trust corpus. That the camp facility was required by law is undisputed. The expert testimony as to the necessity, under modern marketing conditions, of cold storage space and as to the "very good managing practice" which impelled the construction of this, as well as the evidence of the necessity of large working capital, were in no way contradicted. It is evident, therefore, that this is not the usual quarrel between income and remainder interests. Indeed, the conclusion is inescapable that the questioned expenditures from the only funds existent were necessary not only to the preservation of the trust corpus but to the production of income — perhaps of any future net income at all. That the effectuation of testator's intent mandated the trustee's actions now complained of is no less manifest. The Surrogate was correct, in these peculiar circumstances at least, in approving these expenditures as against appellants' objections. (Cf. *Matter of City Bank Farmers Trust Co. [Clarke]*, 306 N. Y. 733; *Matter of Jones*, 103 N. Y. 621.) Our holding is not to be construed as having effect beyond the specific items challenged; and we do not attempt, upon this incomplete record and within the scope of the issues in this interim accounting, either to define or approve a course of conduct or an acceptable accounting practice in future or to close

the door to a subsequent allocation which at this time could be no more than academic. To the extent that appellants, or any of them, may be free to question the computation of commissions previously awarded, the source and allocation of the questioned expenditures and other subjects of the prior accountings, there would seem to be no compelling necessity for remitting this intermediate accounting for a binding determination thereof and thus imposing upon the parties and the estate the burden of additional litigation at this time. There is no suggestion that any such rights remaining to appellants will be prejudiced by deferment of their exercise until a subsequent accounting or the final judicial settlement. The Surrogate erred in approving the proposed sale by the trustee of a small lot of land with a dwelling house thereon. The trustee possesses unrestricted power of sale under the will and the sale could have been, and still may be, effected without application to the court. The expert witnesses who testified to value did not give effect to the increased value of the property attributable to the improvements made by the proposed purchaser during his occupancy, apparently without a contract of sale. Whatever equities may exist cannot be adjusted in this proceeding or upon this record. Appellants' additional contentions do not appear to us to require discussion. Decree modified so as to delete the provision thereof authorizing the sale of certain realty; so as to provide that the application for approval of such sale be denied, without prejudice; and so as to provide that such decree be without prejudice to the objections of any party not bound by any prior decree or decrees to any account previously filed; and, as so modified, affirmed, with costs to all parties filing briefs payable from the estate.