Van Voorhis, J.
Plaintiff and defendant are testamentary trustees under different wills, having different income beneficiaries and remaindermen, of different testators who died 15 years apart. During their lifetimes, these decedents operated successfully and harmoniously businesses which they caused to be incorporated in two corporations of which each held 50% of the stock. For convenience the plaintiff trust is described as the Vincent trust, and the other as the Walter trust. Vincent died first. By his will he placed all but one of his shares in each corporation in the plaintiff trust. The one share which was excepted was given by him outright to his brother Walter, *428 manifestly in order to secure to him a controlling interest in the corporations. A conservative policy was pursued during the rest of Walter’s life, of which no complaint is made in this action. When Walter died, defendant trustee succeeded to his control of the corporations inasmuch as Walter’s will placed his 51% of the corporate stock in the defendant trust.
This action is brought in the interest of the income beneficiaries of the Vincent trust to compel the distribution of a larger proportion of the earnings of the corporations by way of dividends to the stockholders. It is not an action under the corporation laws to compel the declaration of increased dividends, however, nor against the directors for waste or misappropriation of corporate assets. The complaint is not drawn upon those theories, nor has the appeal been argued on those bases. Counsel for appellant in the brief and upon the argument have disavowed all of those theories, stating expressly upon the argument that it is not a minority stockholders’ action to compel the declaration of increased dividends. In order to succeed in such an action minority stockholders assume the burden of demonstrating that the directors have acted in bad faith, fraudulently or dishonestly in establishing the dividend policy of the corporations (City Bank Farmers Trust Co. v. Hewitt Realty Co., 257 N. Y. 62; Leibman v. Auto Strop Co., 241 N. Y. 427, 433; Kavanaugh v. Kavanaugh Knitting Co., 226 N. Y. 185; 11 Fletcher’s Cyclopedia Corporations [Perm, ed.], § 5325). This is a burden which plaintiff admittedly has not attempted to sustain in this action. No breach of fiduciary duty to the stockholders, as such, has been alleged in the complaint on the part of the directors. They are sued, upon the contrary, as testamentary trustees of wholly owned estate corporations, required by the terms of the will and the law applicable to the administration of decedents’ estates to distribute the income for the benefit of the income beneficiaries. The misconduct ascribed to the defendants by the complaint is not in relation to their duties as directors but as testamentary trustees, whose duties under the law of wills are said to take precedence over their powers as directors under the corporation laws. The complaint is insufficient in this and other respects to allege a minority stockholders’ cause of action for increased dividends, although the door has been *429 expressly left open by the Appellate Division to plaintiff to sue on such a cause of action if he can muster the facts which are necessary to support it.
On this appeal we need not consider to what extent directors of wholly estate owned corporations are subject to the will or other instrument creating the trust, or whether and to what degree they are free to act within the scope of the authority conferred by law upon the directors of other corporations. This issue is not presented here for the reason that plaintiff, and those he represents, are not beneficiaries under the trust created by the will of Walter L. McGuire (the Walter trust) of which defendant is the trustee. The theory invoked by plaintiff would apply, if at all, only to situations where a trustee is manipulating his control of a corporation contrary to his fiduciary obligation to beneficiaries of the trust of which he is trustee. Defendant has no fiduciary responsibility as testamentary trustee of the Walter trust to the Vincent trust or its beneficiaries. Here there is no controversy between defendant and any of the beneficiaries of his trust. In fact the sole income beneficiary of the defendant (Walter) trust is herself a director of the corporations and in accord with their dividend policies. She is not complaining that her trustee, defendant here, through his control of the corporations is withholding distribution of income to her. Instead, the action is brought by the trustee of another trust (the Vincent trust) in the interest of income beneficiaries of the Vincent trust, to whom defendant owes no fiduciary obligation as testamentary trustee. Assuming arguendo that the law is as appellant contends, as held by Surrogate Delehanty in Matter of McLaughlin (164 Misc. 539) and Matter of Adler (164 Misc. 544), that directors of corporations whose stock is wholly owned by a trust are amenable to the law of trusts and estates without the latitude permitted to them under the corporation laws, on which at the moment we express no opinion, it is nevertheless true that the only persons who would have any right to object in this instance on that theory would be income beneficiaries under the Walter trust. If the income beneficiary of the Walter trust, instead of being in accord with the policies of the trustee under her brother Walter’s will, had protested and objected to the accumulation of the corporate income, then it might be necessary for the courts to decide whether the *430 testamentary trustee of the Walter trust and the other directors of these corporations were governed by the corporation laws in deciding upon dividends to be declared, or whether they were bound to distribute the income in any event by the law applicable to wills.* The only legal relationship that exists between plaintiff and these individual defendants is plaintiff’s status as a minority stockholder in corporations which the defendants direct. Plaintiff is not asserting any grievance as a minority stockholder against these corporate directors, and has no standing to enforce the fiduciary obligations to others arising from another trust. A person who might incidentally benefit from the performance of a trust but is not a beneficiary thereof cannot maintain a suit to enforce the trust or to enjoin a breach (City Bank Farmers Trust Co. v. MacFadden, 70 N. Y. S. 2d 559, 564, affd. 274 App. Div. 1039, affd. 299 N. Y. 711; Loftin v. Kenan, 250 App. Div. 546, affd. 276 N. Y. 615; 2 Scott, Trusts [2d ed., 1956], p. 1501; Restatement [2d], Trusts, § 200 [1959]).
For these reasons it is not necessary to analyze whether Surrogate Delehanty applied the law correctly in Matter of Adler (supra) or Matter of McLaughlin (supra), or whether the reversal by the Appellate Division in Matter of Doelger (164 Misc. 590, revd. 254 App. Div. 178, affd. 279 N. Y. 646) indicated a disapproval of the doctrine laid down in McLaughlin and Adler. Boyle v. Boyle & Co. (136 App. Div. 367, affd. 200 N. Y. 597), Matter of Kohler (231 N. Y. 353, 367), United States Trust Co. v. Heye (224 N. Y. 242, 253-255) and Matter of Shupack (1 N Y 2d 482) are cited to the contrary of Surrogate Delehanty’s decisions, and Matter of Auditore (249 N. Y. 335) is said to be distinguishable. We do not decide those questions now. No question is presented concerning whether there may be circumstances under which the exercise of powers of directors of corporations may be curtailed, or to what extent by testamentary provisions or by the laws applicable to wills and the administration of estates. Plaintiff is simply not aggrieved by anything of that sort under the facts in this record. He is not and does not represent the beneficiary of the Walter trust, and is not entitled to be heard to say that the Walter trust is being mismanaged.
The order appealed from should be affirmed, with costs.

 Even so, these corporations were not wholly owned by either trustee.