In the Matter of the Estate of BERNARD E. GOERLER et al., Deceased. CLINTON E. GOERLER, Respondent; RONALD B. GOERLER, Appellant. [642 NYS2d 923] —In a proceeding, *inter alia,* to direct the payment of income from a testamentary trust and for an accounting, Ronald B. Goerler appeals, as limited by his brief, from so much of (1) an order of the Surrogate's Court, Nassau County (Radigan, S.), dated December 19, 1994, as (a) granted the branch of the petitioner's motion which was for summary judgment on his first cause of action, (b) granted in part those branches of the petitioner's motion which were for summary judgment on his second, fourth, and fifth causes of action, and (c) denied his cross motion for summary judgment dismissing the proceeding, and (2) an order of the same court, dated March 16, 1995, as, upon reargument, in effect, adhered to the original determination.

Ordered that the appeal from the order dated December 19, 1994, is dismissed, as that order was superseded by the order dated March 16, 1995, made upon reargument; and it is further,

Ordered that the order dated March 16, 1995, is modified, on

the law and on the facts, by deleting the provision thereof which adhered to the prior determination granting the petitioner summary judgment on the first cause of action, and substituting therefor a provision granting the branch of Ronald B. Goerler's cross motion which was for summary judgment dismissing the first cause of action, without prejudice to any right of the petitioner to commence a separate action to compel the declaration of dividends or increased dividends; as so modified the order is affirmed insofar as appealed from, and the order dated December 19, 1994 is modified accordingly; and it is further,

Ordered that the respondent is awarded one bill of costs.

In his first cause of action, the petitioner, the income beneficiary of a testamentary trust, seeks to compel the declaration of a dividend or to increase the amount of dividends paid to him based on the amount of stock held by the trust in two separate corporations. The trustee, Ronald B. Goerler, the income beneficiary's brother, is the majority shareholder of at least one corporation and is the president of both corporations. Apparently, both corporations are closely held family corporations the shares of which are either held in trust or held by the trustee, individually. The trust itself is a minority shareholder in the two corporations.

The Surrogate erred in granting the income beneficiary summary judgment on the first cause of action and in directing the trustee to pay the income beneficiary a percentage of the net income earned by the two corporations based on the proportionate amount of shares held by the trust for the period from the date of death of the settlor to the date a new trustee was appointed.

While broad inquiry may be made into the trustee's role in determining dividend policies where the trustee is an officer of and a majority shareholder in a corporation in which a trust is a shareholder, such an inquiry is limited to the issues of whether there was a breach of trust or negligence, and whether a surcharge should be imposed on the trustee (*see, e.g., Matter of Hubbell,* 302 NY 246, 254; *Matter of Schulman,* 165 AD2d 499, 502-504; *Matter of Shehan,* 285 App Div 785, 787-794).

While the Surrogate may have other powers over a trustee who is a director and/or officer of a corporation entirely owned by the trust (*see, e.g., Matter of McLaughlin,* 164 Misc 539, 543; *Matter of Adler,* 164 Misc 544, 555-556), such a situation is not presented in this case (*see, e.g., Cashman v Petrie,* 14 NY2d 426, 428). Thus, the issue of whether dividends should be paid by the corporations and the amount of those dividends is gen-

erally determined by corporate directors in their discretion, and a court is not justified in interfering absent evidence of bad faith, fraud, a clear abuse of discretion, or dishonesty on the part of the directors (*see, Cashman v Petrie, supra,* at 428; *Matter of Carlisle,* 53 Misc 2d 546, 554). Moreover, a cause of action to compel the declaration of a dividend is of a derivative nature, belonging to the corporation (*see, Gordon v Elliman,* 306 NY 456, 468; *Bender v Ferro,* 86 AD2d 12; *Winter v Bernstein,* 149 Misc 2d 1017, 1022).

The petitioner failed to demonstrate bad faith, fraud, or other like conduct by the trustee and failed to commence a derivative action to compel the declaration of a dividend. Accordingly, the trustee's cross motion to dismiss the first cause of action should have been granted.

We have reviewed the trustee's remaining arguments and find them to be without merit (*see, e.g.,* CPLR 3214 [b]; 3211 [a] [8]; [e]). Thompson, J. P., Santucci, Joy and Altman, JJ., concur.