RUBIN KANTOR et al., Suing on Their Own Behalf and for the Benefit of All Other Stockholders of Ever Ready Linen Supply & Laundry Co., Inc., Similarly Situated, Plaintiffs, *v.* HERMAN STENDIG et al., Defendants.

Supreme Court, Special Term, New York County, November 29, 1947.

*Finke, Jacobs & Hirsch* for defendants.

*Katz & Wolchok* for plaintiffs.

EDER, J.  This is a stockholder's representative and derivative action; the relief sought is that the defendants be required to account to the corporation for all sums of money which it is alleged defendants have improperly and unlawfully received or taken from the corporation and that they be required to pay the same into the corporate treasury; other concomitant relief is also asked for.

The complaint alleges that since December 30, 1944, plaintiffs were stockholders of the corporation owning and holding preferred stock.  They sue on their own behalf and for the benefit of all other stockholders of the corporation, similarly situated.

An amended complaint was served to which an amended answer was served.

The present motion is made for an order awarding judgment to the defendants dismissing the complaint upon the ground that, at the time of the service of the amended answer herein, the plaintiffs were not stockholders of the defendant corpora-

tion by reason of the redemption of the preferred stock previously held by them.

In substance, as I comprehend it, defendants' premise is that with the redemption and retirement of the preferred stock, the plaintiffs lost their status as stockholders, and their standing to maintain and prosecute the action and that the cause of action became extinguished.

I am of the opinion that there is no stability to the defendants' theory.

The cause of action in a derivative action is that of the corporation (*Dresdner* v. *Goldman Sachs Trading Corp.*, 240 App. Div. 242), and is called a "class" action; the recovery enures to the benefit of the corporation and the wrongs of which the stockholder complains are wrongs to the corporation and not to his personal individual rights (*Alexander* v. *Donohoe,* 143 N. Y. 203, 211); in a representative and derivative action, the stockholder bringing the action is not the real plaintiff, but merely the "instigator" of the action (*Potter* v. *Walker,* 252 App. Div. 244, affd. 276 N. Y. 15); he is regarded as agent of the corporation (*Gerith Realty Corp.* v. *Normandie. Nat. Securities Corp.,* 154 Misc. 615); the action is a representative one, whether so stated or not (*Potter* v. *Walker, supra*).

The real plaintiff is the corporation; the cause of action is that of the corporation, which it is prosecuting for its benefit. The extinction of the status of plaintiffs, as preferred stockholders, in no way impaired or affected the corporation's cause of action or its right to continue and prosecute the action. In legal effect, it is as if the preferred stockholders had never appeared or instituted the action but as if the corporation alone was plaintiff and alone had brought the suit. Hence, I see no merit to the motion.

The motion is, accordingly, denied.