**MILVY et al.   v.   ADAMS et al.**

United States District Court,
S. D. New York.

Aug. 17, 1954.

Alexander Kahan, New York City, Alexander Kahan, and Thomas T. Cooke, New York City, of counsel, for plaintiffs.

Cahill, Gordon, Reindel & Ohl, New York City, Lawrence J. McKay, Arthur Mermin, New York City, of counsel, for Associated Tel. & Tel. Co.

Thomas R. Mulroy, Chicago, Ill., for Arthur F. Adams.

Jackson, Nash, Brophy, Barringer & Brooks, New York City, Charles B. Brophy, H. Francis Shattuck, Jr., New York City, of counsel, for Pitfield & Co., Inc.

DAWSON, District Judge.

This is a derivative stockholders' action in which a number of different motions were presented and argued before me at the same time.[1]

The first motions which properly should be considered are the motions to dismiss the complaint, for if the complaint does not state a cause of action, then the other motions fall by themselves.

The defendants Adams and Associated Telephone and Telegraph Company, a Delaware corporation, (hereinafter called "Associated") have moved to dismiss the complaint on the ground that it fails to comply with the provisions of Rule 23(b) of the Rules of Civil Procedure in that the complaint does not aver that the plaintiff was a "shareholder at the time of the transaction of which he complains or that his share

1. These motions are:

(1) a motion by defendant Associated Telephone and Telegraph Company for an order—

a) quashing, vacating and setting aside the purported service of the summons and complaint herein upon Associated and dismissing the complaint as to said defendant;

b) in the alternative, dismissing the complaint herein on the ground that it fails to comply with the provisions of Rule 23(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A.;

c) in the alternative, staying all further proceedings herein pending a final determination of issues common to the instant action and the prior pending action in the Supreme Court of the State of New York, County of New York, entitled "Alice Milvy, et al. v. Arthur F. Adams, et al. (Index No. 59–1953)";

d) directing that plaintiffs give defendant Associated security on the ground that said defendant is entitled thereto under Section 61–b of the General Corporation Law of the State of New York, McK.Consol.Laws, c. 23.

(2) a motion by defendant Associated Telephone and Telegraph Company seeking, among other relief, an order terminating plaintiffs' examination before trial of the St. Regis.

(3) a motion by defendant Arthur F. Adams for an order—

a) staying all further proceedings herein pending a final determination of the prior pending action in the Supreme

Court of the State of New York, County of New York, entitled "Alice Milvy, et al. v. Arthur F. Adams, et al. (Index No. 59–1953)"; and

b) staying this case pending a final determination by this Court on the motion of defendant, Associated Telephone and Telegraph Company, for an order quashing service of summons upon Associated; and

c) dismissing the complaint on the ground that it fails to comply with Rule 23(b).

(4) Plaintiffs' motion seeking an order dissolving all stays heretofore obtained herein.

(5) Plaintiffs' motion for an order directing defendant Associated Telephone and Telegraph Company to permit plaintiffs to inspect its corporation stock books and stockholders' list to the end that plaintiffs may comply with Section 61–b of the New York General Corporation Law.

(6) Plaintiffs' motion seeking an order directing defendants Arthur F. Adams and Associated Telephone and Telegraph Company to appear for examination at a given time and place.

(7) A motion by third party witness, W. C. Pitfield & Co., Inc. for an order vacating a subpoena which plaintiffs caused to be issued or in the alternative staying the taking of its deposition thereto until the final determination of the motions to be made by defendants Associated Telephone and Telegraph Company and Arthur F. Adams.

thereafter devolved on him by operation of law".[2]

The complaint alleges in paragraph 1:

"1. Plaintiffs are residents and citizens of the State of New York, and since 1949 have continuously been the owners and holders of 200 shares of $4 Cumulative Class A Participating stock of defendant Associated Telephone and Telegraph Company (hereinafter referred to as Associated), and bring this action derivatively on behalf of Associated."

It is to be noted that the complaint alleges that the plaintiffs have been stockholders only since 1949. However, the cause of action asserted in the complaint appears to be that Associated, in 1941, adopted a policy of reacquisition by Associated, for cancellation, of its 7% and $6. First Preferred stocks; and that for a period of years after 1941, the defendant directors of Associated kept Associated out of the market for such stock, thereby allowing a corporation controlled by two of the directors (referred to as the "Pitfield group") to buy up the stock on the market "at a cheap price" due to the fact that the directors of Associated acted so as to conceal from the public favorable developments in the affairs of Associated; and that, thereafter, the directors of Associated acted so as to raise the market price of such stock and Associated entered the market on the purchase side, thus permitting the corporation controlled by two of the directors to "unload their purchased stock on defendant Associated at greatly increased prices."

Nowhere in the complaint does it state the times of the transactions of which the plaintiffs complain, except by the indication that they must have taken place after 1941. There is attached to the complaint as "Exhibit A" a letter sent by the plaintiffs to the directors of Associated demanding that they institute legal proceedings for the recovery of any and all realized and unrealized profits of the Pitfield group resulting from their market operations in the securities of Associated Telephone and Telegraph Company commencing with the year 1941 through to date and demanding that they seek recovery of damages from the officers and directors of Associated for losses resulting from the "dealing and trading in the securities" of Associated.

Not only does the complaint fail to state that the plaintiffs were shareholders at the time of the transactions of which they complain, but it appears, on the face of the complaint, that certain of the transactions of which they complain took place long before 1949 when, from the face of the complaint, it appears that the plaintiffs first became shareholders of Associated. See McQuillen v. National Cash Register Co., 4 Cir., 1940, 112 F.2d 877, 882, certiorari denied 311 U.S. 695, 61 S.Ct. 140, 85 L.Ed. 450, rehearing denied 311 U.S. 729, 61 S.Ct. 316, 85 L.Ed. 474.

■ A complaint which fails to make the averment required by subdivision

---

2. This Rule provides:

"(b) Secondary Action by Shareholders. In an action brought to enforce a secondary right on the part of one or more shareholders in an association, incorporated or unincorporated, because the association refuses to enforce rights which may properly be asserted by it, the complaint shall be verified by oath and shall aver (1) that the plaintiff was a shareholder at the time of the transaction of which he complains or that his share thereafter devolved on him by operation of law and (2) that the action is not a collusive one to confer on a court of the United States jurisdiction of any action of which it would not otherwise have jurisdiction. The complaint shall also set forth with particularity the efforts of the plaintiff to secure from the managing directors or trustees and, if necessary, from the shareholders such action as he desires, and the reasons for his failure to obtain such action or the reasons for not making such effort."

(b) of Rule 23 is fatally defective and should be dismissed. Hawes v. City of Oakland, 104 U.S. 450, 463, 26 L.Ed. 827; Dimpfell v. Ohio & Miss. R. Co., 110 U.S. 209, 3 S.Ct. 573, 28 L.Ed. 121; Venner v. Great Northern Ry. Co., 209 U.S. 24, 34, 28 S.Ct. 328, 52 L.Ed. 666; Goldboss v. Reimann, D.C.S.D.N.Y. 1943, 55 F.Supp. 811, 816, affirmed 2 Cir., 1944, 143 F.2d 594; Lissauer v. Bertles, D.C.S.D.N.Y.1940, 37 F.Supp. 881.

■ In certain cases where complaints have been dismissed for not complying with this provision of the Rule, the Court has allowed time for the plaintiff to file an amended complaint, and to insert the necessary averment in the complaint. Lissauer v. Bertles, supra; Lynch v. Yonkers Nat. Bank & Trust Co., S.D.N.Y.1940, 3 F.R.Serv. 23b. 1, Case 1. This would seem to be proper where the only thing lacking is the insertion of a formal allegation to comply with the Rule. No such easy solution is apparent in this case. Not only would it be necessary completely to restate the cause of action to limit it to events subsequent to 1949, but there is also considerable doubt from the papers submitted as to the right of the plaintiffs to maintain the action.

There is attached to the affidavit of Albin E. Carlson a photostat of a sworn statement by Alice Milvy and Milton I. Milvy in which they state that they do not assert any claim to ownership of the 200 shares of stock of Associated. This sworn statement is dated September 23, 1953. It states that these shares are "the sole property of Elizabeth Milvy". Elizabeth Milvy is not the plaintiff.

There is also attached to this same affidavit a photostat of a signed letter dated September 28, 1953 addressed to Associated by Milton I. Milvy in which he states that the stock is the property of Elizabeth Milvy, and that "as trustees we are merely agents for Elizabeth Milvy, we have no ownership in said shares, then and now title remains in Elizabeth."

The affidavit of Mr. Carlson also states that no stock of any class of Associated has ever been registered in the name of "Alice Milvy and Milton I. Milvy, as trustees for Elizabeth Milvy" or in the name of Alice Milvy or Milton I. Milvy in any capacity whatever. It states that 200 shares of Class A stock of Associated were issued to "Miss Elizabeth Milvy" on November 16, 1949 and were transferred out of her name on July 7, 1952; and that thereafter, 200 shares of stock were registered in the name of "Miss Elizabeth Milvy" on September 26, 1952.

■ Generally, the law of the state of incorporation, via the conflicts rule of the state of the forum, determines whether a plaintiff need be a stockholder of record in order to bring a derivative suit. See Gallup v. Caldwell, 3 Cir., 1941, 120 F.2d 90; Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528; Bankers Nat. Corp. v. Barr, D.C.S.D.N.Y.1945, 7 F.R. D. 305, 307; Restatement of Conflicts, Section 182, New York Annotations; 2 Moore's Fed.Prac. 2d Ed. Section 23.17.

Here, the state of incorporation of Associated, Delaware, apparently holds that it is unnecessary for stockholders bringing a derivative action to be stockholders of record. See Rosenthal v. Burry Biscuit Corp., 1948, 30 Del.Ch. 299, 60 A.2d 106 rejecting the conclusion in Bankers Nat. Corp. v. Barr, supra, cf., Steinberg v. Hardy, D.C.Conn. 1950, 90 F.Supp. 167, 171.

■ A derivative stockholders' action may be maintained by a trustee. In re Stewart's Estate, 167 Misc. 361, 3 N.Y. S.2d 985; see: Taormina v. Taormina Corp., Del.Ch.1951, 78 A.2d 473; 13 Fletcher Cyc. Corp. Sec. 5985 (1943). If a trustee brings the action he must, however, have had title to the stock, as trustee, at the time of the transactions of which he complains.

Here, the stockholders who are bring-ing the suit state, on oath, that they have no ownership in the stock. Who then is the stockholder who is bringing the action? When did such person be-come a stockholder? When did the transactions of which the stockholder complains occur? No mere addition of a formal allegation to a complaint will, in this situation, make a proper complaint, for there is doubt as to whether the plaintiffs in the action have any status sufficient to bring the action.[3]

The motion to dismiss the complaint is granted. It is unnecessary to con-sider and decide the remaining motions.

---

[3] Plaintiff Milton I. Milvy is himself a lawyer. As such, he may be presumed to know what is meant by the term "shareholder". He apparently has also had experience in derivative stockholders' actions. See Milvy v. Sperry, Sup., 1939, 36 N.Y.S.2d 881; Milvy v. Austin, Sup., 1949, 89 N.Y.S.2d 27. The Court, in the light of those circumstances, cannot con-clude that the failure to comply with the provisions of the Rule is a mere in-advertence on the part of the pleader.