Jacob J. Schwartzwald, J.
Plaintiffs move under subdivision 4 of rule 109 of the Rules of Civil Practice to strike out and dismiss defendants’ first and second defenses and counterclaims on the ground that the same may not properly be interposed in this action.
Plaintiffs claim that they brought this suit in a representative capacity as stockholders and as directors, and that under such circumstances the defendants may not interpose defenses and counterclaims against them in their individual capacity.
Defendants contend that they have a right to question the plaintiffs’ alleged position as being representative in nature by alleging in their defenses and counterclaims that such positions were obtained through the fraud of the plaintiffs. The defendants seek a rescission of the contract by which plaintiffs became stockholders and directors of the defendant corporation.
The corporate defendant is a closely held corporation. The four individual parties to this action, two plaintiffs and two defendants, constitute the board of directors. Plaintiffs own one third of the stock, while the individual defendants own two thirds of the stock. No one of the parties holds a majority; all are minority stockholders. The plaintiff Handler is secretary. The individual defendants are president and treasurer.
The amended complaint alleges acts of mismanagement, misfeasance and misappropriation on the part of the individual defendants. On behalf of the defendant corporation plaintiffs ■ seek an accounting, the impression of trusts on alleged corporate property, an injunction and the appointment of a receiver for the benefit of the corporate defendant.
Defendants deny the material allegations of the complaint and interpose two affirmative defenses and counterclaims alleging the fraud and misrepresentation of the plaintiffs in the acquisition of the stock and failure of consideration. Defendants seek a rescission of the transaction, the surrender of the stock, the vacation of the corporate offices held by the plaintiffs and the return of the parties to their original status.
The complaint alleges and incorporates an agreement, termed a stockholders’ agreement, which was entered into bv *689 all the parties to this transaction, including the corporate defendant. Besides being a stockholders’ agreement, it was also a contract by plaintiffs to purchase stock from the defendant corporation which would constitute one third of the corporation’s outstanding stock. It provided that all the stock must be voted to elect the four individuals, plaintiffs and defendants herein, as directors, and to continue to elect them as such directors.
As a condition to the execution of the agreement by the plaintiffs, all parties agreed to apply for a modification of the certificate of incorporation to provide that all corporate matters shall require the unanimous agreement of all stockholders, directors and officers. The duties and obligations of the four individuals and the remuneration to be received by each of them were set forth at great length. Plaintiff Handler, who had controlling interest of another corporation, agreed therein to arrange for sales without profit to be made by that corporation to the defendant corporation of certain materials and services. All prior agreements between the parties to this action, including the corporate defendant, were terminated by this agreement.
The substance of the charge contained in the complaint is “ That on or about the 1st day of April, 1955 and thereafter and up to the present time the individual defendants have misused, misapplied, misappropriated large amounts of the assets and funds of the defendant corporation, all in breach of their fiduciary duties as officers and directors of said corporation, and in breach of the terms and conditions of the agreement heretofore referred to * * * all to the detriment of the corporate defendant and the minority stockholders, the plaintiffs herein, and in breach of the fiduciary duties as officers and directors owed by the individual defendants to the corporate defendant and the minority stockholders ” (emphasis supplied).
Plaintiffs seek judgment, among other things, ordering the defendants to account “ and that the plaintiffs for the benefit of the corporate defendant have judgment for such sums as may be found to be due to plaintiffs upon such accounting,” and that “ the defendants be ordered and directed to account to the plaintiffs for all sums of money and for all benefits . received by them * * *” (emphasis supplied).
The corporation was included as a nominal party defendant but in reality is a plaintiff herein, as part of the relief demanded by the plaintiffs is for the benefit of the corporation. Actually, a close examination of the facts might require a *690 finding that the corporation is more than a technical party to this action, since the corporation contracted to sell the stock to the plaintiffs under the stockholders’ agreement. The stockholders’ agreement forms a part of the complaint and simultaneously is the principal object of attack by the defenses and counterclaims interposed by all three defendants.
Plaintiffs sue as stockholders and directors. As stockholders they are within their rights in bringing the within action against officers and directors of the defendant corporation for an accounting of their official acts and transactions (Sage v. Culver, 147 N. Y. 241). The court there also held (p. 245) that “ The pleading will be held to state all facts that can be implied from the allegations by reasonable and fair intendment ”. As stockholders, it is not essential that the action be brought on behalf of all stockholders as a class; the action need not be a stockholders’ derivative suit.
Also, the complaint is broad enough to be construed as being brought by the plaintiffs as directors of the corporation under section 61 of the General Corporation Law.
The action may be termed a representative suit (Geer Jr. & Co. v. Fagan, 255 App. Div. 253).
It is well settled that stockholders suing derivatively are not subject to counterclaims against them as individuals. The court has held that they are not the same parties to the controversy within the meaning of section 264 of the Civil Practice Act. (Binon v. Boel, 271 App. Div. 505, affd. 297 N. Y. 528; Orto Theatres Corp. v. Newins, 207 Misc. 414; Select Theatres Corp. v. Harms, Inc., 273 App. Div. 505.)
In a minority stockholders ’ action, whether derivative or not, but brought nevertheless for the benefit of the corporation, the defendants may rightfully interpose a defense wherein plaintiffs’ position as stockholders is placed in issue. “ The right to maintain this action depends upon plaintiff’s being a stockholder and unless he can support his position as such the action will not lie. By this defense the court finds that, as a matter of pleading, the answer puts in issue the matter of plaintiff’s stock ownership.” (Gross v. Price, 127 N. Y. S. 2d 729, 736, opinion adhered to, 128 N. Y. S. 2d 209; mod. on other grounds 284 App. Div. 964.)
Since such a defense is proper it follows that a counterclaim may also be embodied therein. To include an equitable counterclaim in a defense, ‘ ‘ All that is necessary is that the equities when established be destructive of the plaintiff’s right ” (Susquehanna S. S. Co. v. Andersen & Co., 239 N. Y. 285, 292).
*691 While the Gross case (supra) involved a stockholder, the principle would apply equally as well to a director whose position had been obtained by means of fraud as it is his claimed position as a director which is being questioned and placed in issue by the defense and counterclaim.
Plaintiffs claim that even if they are removed as directors this action will not abate. It is true that an action, brought by a director on behalf of a corporation, does not abate if the director has been voted out of office (Manix v. Fantl, 209 App. Div. 756; Wangrow v. Wangrow, 211 App. Div. 552). Though the basic reasoning for the foregoing rule was criticized in Kehaya v. Axton (32 F. Supp. 266) where the court concluded that such was not the law of this State and refused to follow it, it is not necessary for purposes of this decision to examine the question. In the foregoing cases the question involved a termination of a director’s position. In the case at bar the counterclaim seeks to declare the directors’ position void and invalid ab imtio, thereby stripping the plaintiffs of any claim or right to the offices of directors.
The contract of purchase and sale, which embodies the stockholders’ agreement, which in turn forms an integral part of the amended complaint, is being attacked by the defendants. By succeeding in canceling and rescinding the contract the defendants will completely destroy plaintiffs’ positions both as stockholders and as directors of the corporation. If successful in vitiating the contract the defendants ask that the court restore the parties to their original status, as required by law. “ Effective rescission requires * * * the restoration of benefits received by the party attempting to rescind, so that the other party may be placed in statu quo ” (Cox v. Stokes, 156 N. Y. 491, 506-507).
Motion denied. Settle order on notice.