Irwin D. Davidson, J.
In this derivative stockholder’s suit, the plaintiff, who was formerly a director and chairman of the board of directors of Shattuck Denn Mining Corporation, hereafter referred to as “ Shattuck ”, charges that the director Willard J. La Morte, hereafter referred to as “ La Morte”, and other directors of the Shattuck Corporation injured the corporation in respect to two separate stock transactions.
In the first cause of action it is alleged that $68,692.31 improperly accrued to La Morte in the exchange of Richmond Screw Anchor Co., Inc. stock (hereafter referred to as “ Richmond ”) for Shattuck stock.
*570 In the second cause of action the directors are charged with waste of corporate assets to the extent of $21,131.25 in acquiring from Dodge and Drivel their Richmond stock in exchange for Shattuck stock.
Initially the defendants challenge the right of the plaintiff to maintain the suit on the ground that he no longer has capacity to sue. At the time suit was instituted in February, 1960, plaintiff was the owner of 11,275 shares of Shattuck and had been a stockholder since August, 1958. The plaintiff acquired additional shares in the Shattuck Corporation until in January, 1960 he owned a total of approximately 20,000 shares. Thereafter in January, 1961 he disposed of all of these shares. It is conceded that in September, 1963 the plaintiff reacquired 100 shares of Shattuck.
The defendants urge that the plaintiff has no legal capacity to prosecute the action. In January, 1961 after the plaintiff had sold all of his stockholdings in Shattuck he no longer had the right to continue the prosecution of the lawsuit. The fact that he reacquired 100 shares of -Shattuck stock in September, 1963, shortly before the trial, defendants urge, does not revive and recreate the rights which he may have had prior to the time he sold his stockholdings.
There is considerable merit to this position. Strong dicta enunciated by Judge Ftjld (Tenney v. Rosenthal, 6 N Y 2d 204) lends support to the defendants ’ contention. Judge Ftjld stated (p. 211): “ In a very real sense, in modern theory, the standing of the shareholder is based on the fact that, when he sues derivatively, he is defending his own interests as well as those of the corporation. If he disposes of his shares after initiating the derivative action, he destroys the technical foundation of his right to continue to prosecute the suit.”
The dicta in this decision was followed in Hoover v. Allen (180 F. Supp. 263) and in Sorin v. Shahmoon Ind. (30 Misc 2d 429).
In Sorin, a derivative stockholders’ suit, the court held it was necessary for the plaintiff to show that he was a stockholder not alone at the time of the transaction of which he complained, but also at the commencement of the action, at the trial, and at the time of the entry of judgment. In a derivative stockholder’s action the plaintiff must be a shareholder in the corporation, for whose benefit he sues, from the time the alleged improper acts occurred continuously and uninterruptedly until after judgment is entered in the case.
The logic of this requirement is apparent. The plaintiff, suing as a representative of stockholders similarly situated, upon the sale of bis interest in the corporation, loses his status as such *571 representative (Tenney v. Rosenthal, supra). Plaintiff may not prosecute an action as a member of a class to which he does not belong. His rights as a stockholder to complain of alleged improper acts by the corporation directors end with the sale of his stockholdings. By repurchasing stock at a later time he cannot revive and reacquire the rights which were extinguished when his stockholdings were sold. Reacquiring a stock interest at a subsequent time would not place the plaintiff in the same position respecting the alleged improper transaction as those stockholders who continuously held stock in the corporation from the time an alleged improper transaction took place up to the entry of judgment in the action.
As a stockholder in September, 1963, the plaintiff may only challenge wrongs occurring after that date. He may not complain of acts antecedent to his stock ownership (Breswick & Co. v. Harrison-Rye Realty Corp., 280 App. Div. 820; Perry v. Shahmoon Ind., 11 Misc 2d 137 affd. 6 A D 2d 1010; General Corporation Law, § 61).
The plaintiff as a stockholder has failed to show that he has the right to continue with the prosecution of this action after the sale of his stock interest in January, 1961. The subsequent purchase of stock by the plaintiff does not automatically place him in the position he would have occupied had he retained possession of his shareholdings continuously from the time the alleged improper transaction occurred up to the present.
Plaintiff urges that if, as a stockholder, his complaint fails, the court should view it as one brought by a director against defendant directors requiring them to account for their improper acts of self-dealing and waste (General Corporation Law, § 61). He urges that the right which he seeks to vindicate is not a personal one, but the corporate right to the faithful service of its directors. The fact that he no longer is a director is of no moment (Tenney v. Rosenthal, supra). Nor is it necessary that a prior demand be made on the corporation to sue to set aside an alleged improper transfer (Katz v. Braz, 188 Misc. 581, affd. 271 App. Div. 970).
The denial of plaintiff’s right, upon the sale of his stockholdings, to further prosecute the action in his capacity as a stockholder of Shattuck does not end this litigation. This plaintiff, having been a director at the time the questioned transaction occurred, in fact chairman of its board of directors, the cause of action may be sustained where the complaint is broad enough to be construed as being brought by a director (Handler v. Belmar Light. Co., 8 Misc 2d 687). In a director’s suit, the action may be prosecuted despite the fact that the director has been *572 removed (Tenney v. Rosenthal, supra; Manix v. Fantl, 209 App. Div. 756).
We turn now to the merits of the transaction complained of. [Discussion of the merits not published because not of general interest.]
Judgment may he entered dismissing plaintiff’s complaint. Settle judgment.