Samuel F. **STEPHENSON**, suing on behalf of himself and all other shareholders of defendant, et al., Plaintiff,

v.

Karl F. **LANDEGGER** et al., Defendants,
and
The Black Clawson Company et al.,
Nominal Defendants.

No. 69 Civ. 3282.

United States District Court,
S. D. New York.

Oct. 6, 1971.

Abraham K. Weber, New York City, for plaintiff.

Rosenman, Colin, Kaye, Petschek, Freund & Emil, New York City, Max Freund, Joel W. Sternman, Wachtell, Manheim & Grouf, Meyer Grouf, New York City, of counsel, for defendants.

TENNEY, District Judge.

This is a motion pursuant to Rule 25 of the Fed.R.Civ.P. for substitution of certain executors and trustees as parties plaintiff by reason of the death of the named plaintiff in this stockholders' derivative suit. As will appear clear, some narrative by way of background is necessary.

This action was commenced by the filing of the complaint herein on July 25, 1969, the summons and complaint being served on July 29, 1969 only upon the defendants Karl F. Landegger, Carl C. Landegger, George F. Landegger and Parsons & Whittemore, Inc. (hereinafter referred to as "Parsons") and the nominal defendant, The Black Clawson Company (hereinafter referred to as "Clawson"). The present amended complaint grows out of an earlier motion to dismiss made by the individual defendants and Parsons, and asserts in thirteen (13) counts derivative and double derivative claims on behalf of the nominal defendant Clawson and six of its subsidiaries. The amended complaint attacks a multitude of transactions extending over nearly a quarter of a century and claimed to constitute conflicts of interest involving, for the most part, defendant Karl F. Landegger, the alleged dominating personality in the business and affairs of Clawson and its subsidiaries.

The plaintiff, Samuel F. Stephenson (hereinafter referred to as "Stephenson") was for many years the registered and beneficial owner of ten thousand (10,000) shares of Clawson common stock. However, it now appears that on February 24, 1969, five months before institution of the present action, Stephenson created a revocable trust and executed a will. It further appears that, although in both the original and amended verified complaints Stephenson alleged that he was the owner of the ten thousand (10,000) shares of Clawson stock, he had in fact delivered this stock to the trustees of the trust at the time of its execution on February 24, 1969, endorsed by him, and, further, had confirmed to the corporate trustee by letter dated March 12, 1969, that such stock constituted an asset of the trust. (Weber affid. of April 26, 1971, Answer E.)

Stephenson, the sole grantor, was also the sole income beneficiary. Upon his death, certain fixed or ascertainable amounts were to be distributed from the trust principal to certain of his past and present employees outright (or, in one instance, in trust) and to Yale University, and the balance of the principal was to be distributed to Stephenson's sons, Edward L. and Garrick C. Stephenson, or their estates. By amendment dated August 25, 1969, Stephenson also created a trust effective on his death, in a fixed amount, for the benefit of his mother during her lifetime with the remainder passing to his brother and sister or the survivor of them. Also by amendment dated July 25, 1970, Stephenson provided for the disposition on his death of certain specified securities to his brother and sister. Stephenson died on March 9, 1971.

Among the rights which Stephenson reserved to himself during his lifetime was the right to revoke or, from time to time, to modify, amend or alter its terms and provisions without the consent of the trustees, to withdraw property from the trust on ten (10) days' no-

tice to the trustees, to approve investments, and to add property to the trust estate. Named as trustees were Stephenson's sons, Edward L. Stephenson, a Virginia resident, and Garrick C. Stephenson, a New York resident, and The Central Trust Company, organized and having its principal place of business in Cincinnati, Ohio.

Defendants contend that plaintiff Stephenson, having transferred his Clawson stock to the trust in February 1969, was not thereafter a shareholder of Clawson and therefore could not properly commence this action on July 25, 1969; that an action such as the instant one could have been brought only by the trustees, but in such a case diversity jurisdiction would be lacking; that assuming Stephenson had standing as a beneficiary, he could not have brought suit unless all the other beneficiaries joined with him, in which case also diversity jurisdiction would be lacking; and finally, even assuming Stephenson had the standing to institute this action, his executors and trustees have no right to be substituted in his place.

■■ The first question to be determined is the standing of·plaintiff Stephenson to institute this action on July 25, 1969. Since it is alleged that Clawson is a foreign (Ohio) corporation doing business in New York in derivative non-federal action, the law of New York would appear to be applicable. Drachman v. Harvey, 453 F.2d 722, 726 n. 9, 727 n. 11 (2d Cir. 1971); Federal Rules of Civil Procedure, Rule 17(b); N.Y.Business Corp.Law §§ 626 and 1319(a) (2) (McKinney's Consol.Laws, c. 4, 1963). Furthermore, it would appear that New York "has a more significant relationship to the occurrence and the parties" than does Ohio. Restatement (Second) of Conflict of Laws, § 302(2). Under New York law, a shareholders' derivative action may be brought "in the right of a . . . foreign corporation . . . by a holder of shares . . . of the corporation or of a beneficial interest in such shares. . . ." N.Y.Business Corp.Law § 626(a) (McKinney 1963). In any such action it must "appear that the plaintiff is such a holder at the time of bringing the action and that he was such a holder at the time of the transaction of which he complains, or that his shares or his interest therein devolved upon him by operation of law." § 626(b). Although in the instant case plaintiff's shares remained registered in his name on the books of Clawson, since plaintiff delivered the certificates to the trustees endorsed by him title was in the trustees subject to the terms of the trust, and plaintiff was no longer a holder of such shares. McNeil v. Tenth National Bank, 46 N.Y. 325 (1871); Union Bank v. United States Exchange Bank, 143 App.Div. 128, 127 N.Y.S. 661 (1911); In re Friedman, 184 Misc. 639, 54 N.Y.S.2d 45 (Sup.Ct.), modified, 269 App.Div. 834, 56 N.Y.S.2d 516 (1945). The question remaining is whether plaintiff was the holder of a beneficial interest in such shares. I conclude that he was. Braman v. Westaway, 60 N.Y. S.2d 190, 196 (Sup.Ct.1945), modified, 59 N.Y.S.2d 509 (Sup.Ct.1946), and cases cited; Marco v. Dulles, 177 F.Supp. 533, 551 (S.D.N.Y.1959).

■ In support of their contention that this action could only have been brought by the trustees or, if the trustees failed to act, by all the beneficiaries rather than by plaintiff Stephenson, in either of which events diversity jurisdiction would be lacking, defendants rely on Matthies v. Seymour Mfg. Co., 270 F.2d 365 (2d Cir.) petition for consideration en banc denied, 271 F.2d 740 (2d Cir.1959), cert. denied, 361 U.S. 962, 80 S.Ct. 591, 4 L.Ed.2d 544 (1960). However, assuming its continued vitality, Matthies is' clearly distinguishable from the present case. Various and diverse interests, vested and contingent, were created under the testamentary trusts involved therein. The trustees having declined to sue (in which event the beneficiaries would have been concluded since the trustees would have represented their interests), the Court held that all the beneficiaries would have to be joined

in a suit by one beneficiary in order that all might be concluded. In the instant action, the settlor is the sole income beneficiary during his lifetime and has reserved an unrestricted power to revoke the trust until his death, at which time the remainder and secondary trust provisions take effect. Accordingly, the acts of the settlor during his lifetime are binding on and conclude the other beneficiaries. City Bank Farmers Trust Co. v. Cannon, 291 N.Y. 125, 133, 51 N.E.2d 674 (1943). Thus, it seems clear that *Matthies* is no bar to Stephenson's right to institute this action at least as the "holder of a beneficial interest" in the shares.

■■ However, this does not end the matter, for Stephenson has died and on his death the remainder interests, in fee or in trust, became operative not by operation of law but by contract, *i. e.* under the provisions of the trust, and no interest remained in Stephenson which passed to his executors. Myer v. Myer, 271 App.Div. 465, 66 N.Y.S.2d 83 (1946), *aff'd*, 296 N.Y. 979, 73 N.E.2d 562 (1947); In re Lachlan's Trust, 24 Misc.2d 323, 193 N.Y.S.2d 408, 412–413 (Sup.Ct.1959). Nor does Salter v. Columbia Concerts, Inc., 191 Misc. 479, 77 N.Y.S.2d 703 (Sup.Ct.1948), involving property passing by will, compel the conclusion that the remainder interests herein passed by operation of law. The results which distinguish the creation of a trust and the making of a will are marked and clear. Van Cott v. Prentice, 104 N.Y. 45, 52, 10 N.E. 257 (1887); Robb v. Washington and Jefferson College, 185 N.Y. 485, 493, 78 N.E. 359 (1906); Pinckney v. City Bank Farmers Trust Co., 249 App.Div. 375, 292 N.Y.S. 835 (1937). While Stephenson may have had a sufficient interest to institute the action, the right to continue the action terminated when he effectively disposed of the stock other than by operation of law, *i. e.*, by the trust contract which became irrevocable on his death. Gresov v. Shattuck Denn Mining Corp., 40 Misc.2d 569, 243 N.Y.S.2d 760, 763 (Sup.Ct.1963). Accordingly, it is held that Stephenson's executors acquire no right to substitution in his place by operation of law or otherwise, and the trustees and/or the remaindermen take by contract and not by operation of law. Myer v. Myer, *supra.*

■ The conclusion that the trustees and/or the remaindermen derive their interests by contract and not by operation of law compels the further conclusion that the only action which they may properly bring is one involving transactions after February 24, 1969, Federal Rules of Civil Procedure, Rule 23.1(1); N.Y.Business Corp.Law § 626(b) (McKinney 1963) or possibly after March 9, 1971, the date of death of plaintiff. While the trustees and/or remaindermen may be entitled to substitution (indeed, the trustees were certainly proper parties plaintiff at the time the action was instituted), it is not possible to determine from the complaint what portions thereof refer to matters actionable after February 24, 1969, and what portions relate to matters not so actionable. In order to comply with Rule 23.1(1) of the Federal Rules of Civil Procedure, it would be necessary completely to restate the causes of action to limit them to events subsequent to February 24, 1969. Milvy v. Adams, 16 F.R.D. 105, 108 (S. D.N.Y.1954). Although we are dealing with a derivative suit enuring to the benefit of the corporation so that the suit is not necessarily extinguished by the loss of status by the instigating stockholder, Kantor v. Stendig, 190 Misc. 861, 76 N.Y.S.2d 284, 286 (Sup.Ct.1947), the corporation herein is a nominal defendant in actual opposition to the suit and there is no motion presently before the Court for leave to intervene by a stockholder of Clawson who has the requisite standing to intervene on the basis of the present complaint. Pikor v. Cinerama Productions Corp., 25 F.R.D. 92, 95 (S.D.N.Y.1960). Although the conclusion reached herein is a troublesome one, the Court is constrained to deny plaintiff's motion for substitution and *sua sponte* to dismiss the complaint herein.

So ordered.