Samuel F. STEPHENSON, Plaintiff, and Edward L. Stephenson et al., Movants-Appellants,

v.

Karl F. LANDEGGER et al., Defendants-Appellees.

Nos. 651–653, Docket 71–2182, 72–1056, 72–1057.

United States Court of Appeals, Second Circuit.

Argued May 22, 1972.

Decided June 26, 1972.

Abraham K. Weber, New York City, for movants-appellants.

Max Freund, New York City (Joel W. Sternman and Rosenman Colin Kaye Petschek Freund & Emil, New York City, on the brief), for defendants-appellees.

Before FEINBERG, MULLIGAN and TIMBERS, Circuit Judges.

PER CURIAM:

Appellants, who are the executors and trustees of the estate of the named plaintiff in this stockholders derivative action, appeal from an order entered in the Southern District of New York, Charles H. Tenney, District Judge, denying their motion pursuant to Fed.R.Civ. P. 25 for substitution as parties plaintiff, and dismissing the action. They also appeal from Judge Tenney's order reaffirming his decision upon reargument. A stockholder, Louis Yaeger, who moved to intervene in the action after it had been dismissed, seeks to appeal from an order, Sylvester J. Ryan, District Judge, denying that motion. We affirm both of Judge Tenney's orders and dis-

miss the appeal from Judge Ryan's order.

Judge Tenney's opinion of October 6, 1971, 337 F.Supp. 591 (S.D.N.Y.1971), sets forth a clear, comprehensive and detailed statement of both the facts and the controlling law. We agree with his application of the law to the facts. It is sufficient for our purpose therefore merely to state the essential issues and the district court's rulings thereon, with which we agree.

The first essential issue involves the claims of the executors and trustees of the original named plaintiff (Stephenson) to be substituted as parties plaintiff following Stephenson's death on March 9, 1971. The action had been commenced on July 25, 1969 by Stephenson who for many years had owned 10,000 shares of the nominal defendant, The Black Clawson Company (Clawson). The amended complaint alleged derivative and double derivative claims on behalf of Clawson and six of its subsidiaries. It attacked a large number of transactions extending over a period of nearly 25 years. It was based upon alleged conflicts of interest involving chiefly defendant Karl F. Landegger who is said to have been the dominating personality in the business of Clawson and its subsidiaries.

On February 24, 1969, five months prior to commencement of the instant action, however, Stephenson had created a revocable trust and executed a will. His shares of Clawson stock constituted the corpus of the trust, having been delivered to the trustees at the time the trust was created. Stephenson retained the right to revoke the trust, to alter it and to withdraw the trust property. He was the sole income beneficiary.

■■ Upon these facts, and for the reasons set forth in detail in Judge Tenney's opinion, he held that at the time of commencement of the action on July 25, 1969, although title to the Clawson stock was in the trustees, Stephenson was the holder of a beneficial interest in the stock, on the basis of which he had standing to institute the action. Such interest, while sufficient to institute the action, was terminated upon his death when the remainder interests became operative not by operation of law but by contract, i. e. under the provisions of the trust which became irrevocable upon his death. Since no interest remained in Stephenson which passed to his executors, the latter acquired no right to be substituted as parties plaintiff in the pending action. The trustees or remaindermen, who derive their interests by contract and not by operation of law, may assert claims involving transactions only after February 24, 1969 (date of creation of the trust) or March 9, 1971 (date of death). We agree with Judge Tenney in each of these holdings.

■ The next essential issue is the propriety of Judge Tenney's dismissal of the action rather than granting leave to amend. This is a determination traditionally left to the sound discretion of the district judge. While the exercise of such discretion is reviewable, we will not interfere absent a clear showing of abuse. Here there was no abuse. On the contrary, Judge Tenney candidly recognized that his conclusion to dismiss, rather than to grant leave to amend, was a "troublesome one". Before reaching this conclusion, however, he pointed out that, with respect to the claims that the trustees or remaindermen are entitled to assert, "it is not possible to determine from the complaint what portions thereof refer to matters actionable after February 24, 1969 [or after March 9, 1971], and what portions relate to matters not so actionable." We agree.

■ Moreover, our independent examination of the entire record in this case leaves us with the firm conviction that Judge Tenney's ruling in this re-

spect represents an eminently sound exercise of discretion. The amended complaint covers some 45 pages in the printed appendix. It sets forth 13 counts. It involves a multitude of transactions extending over a period of nearly a quarter of a century. In view of the relatively short period of time to be covered by claims the court has ruled the trustees or remaindermen may assert, we are satisfied that the only appropriate procedure, under the circumstances of this particular case, is to require in effect, if such claims are to be pursued, the commencement of a new action to sort out from the extinguished claims the causes of action based on post-1969 or post-1971 transactions. The oral argument before us was particularly illuminating in persuading us that only in this way can we be sure that our mandate will be carried out without consuming endless time of the court, counsel and parties in wasteful litigation seeking to perpetuate claims that we hold, as did the district court below, have been extinguished by either the creation of the trust or the death of Stephenson.[1]

Finally, in view of the foregoing, it follows that the motion by the stockholder, Louis Yaeger, to intervene in the action after it had been dismissed, was properly denied by Judge Ryan's order of December 9, 1971. The appeal from Judge Ryan's order is dismissed.

In short, we affirm Judge Tenney's orders of October 6, 1971 and November 16, 1971 on the well reasoned opinion of Judge Tenney below. 337 F.Supp. 591 (S.D.N.Y.1971). We dismiss the appeal from Judge Ryan's order of December 9, 1971.

Affirmed in part; dismissed in part.

1. Since the district court did not rule on whether the effective cut-off date should be February 24, 1969 (date of creation of the trust) or March 9, 1971 (date of death), we leave that determination to be made by the district court in the event a new action is commenced.

We also note for the record that the district court decision referred to by Judge Tenney on the issue of whether to dismiss or to grant leave to amend, Milvy v. Adams, 16 F.R.D. 105, 108 (S.D.N.Y.1954), subsequently was reversed by this Court in a memorandum decision. Milvy v. Adams, 217 F.2d 647 (2 Cir. 1954). This has no bearing on our decision upholding the district court's exercise of discretion in the instant case.