■ MARVIN A. BLOCK, Suing on Behalf of Himself and All Other Shareholders of BLACK CLAWSON COMPANY, et al., Respondents, v. KARL F. LANDEGGER et al., Appellants, et al., Defendants.— Order, Supreme Court, New York County, entered January 10, 1974, denying the motion to dismiss causes of action in the complaint for insufficiency pursuant to CPLR 3211 (subd. [a], par. [7]), unanimously reversed on the law, without costs and without disbursements, and the motion granted, with leave to the plaintiff to serve an amended complaint within 20 days after the publication hereof. In this stockholders' derivative action for damages for self-dealing transactions on the part of corporate directors and controlling shareholders, the lengthy complaint sets forth 13 causes of action covering a period back to 1959. It is claimed that the Statute of Limitations is tolled (as against an alternative motion herein under CPLR 3211, subd. [a], par. [5]) because of the absence from the State of the alleged controlling stockholder and the pendency for a period of time of an action in the United States District Court for the Southern District of New York based on similar allegations, as well as the contention that the doctrine of equitable estoppel applies because of the concealment of transactions by the controlling stockholders from the minority shareholders. We are here concerned solely with the complaint, and it is entitled, on this motion, to the most favorable interpretation, and whatever may be implied therefrom by fair intendment. There are no amplifying affidavits. (See *Greenbaum* v. *American Metal Climax*, 27 A D 2d 225.) An application was made several years ago for inspection of the books and records of the nominal corporate defendant, the Black Clawson Company, *Matter of Stephenson* v. *Black Clawson Co.* (31 A D 2d 718). The action in the Federal court, *Stephenson* v. *Landegger* (337 F. Supp. 591, affd. 464 F. 2d 133, cert. den. 409 U. S. 1039), was dismissed because the plaintiff was no longer a stockholder and, therefore, his estate could not be substituted on his death. The complaint had been sustained as against a challenge under subdivision (b) of rule 9 of the Federal Rules of Civil Procedure (U. S. Code, tit. 28, Appendix). Addressing ourselves solely to the allegations of the complaint and the requirement of CPLR 3016 (subd. [b]), which provides that a cause of action based on fraud and breach of trust shall be stated in detail, as distinguished from the notice pleading required by CPLR 3013 (see *Foley* v. *D'Agostino*, 21 A D 2d 60), the complaint herein does not sufficiently plead "the circumstances constituting the wrong". For example, an allegation that another corporation controlled by the prime stockholder sold machinery in general to the nominal corporate defendant, the Black Clawson Company, at an unfair high figure, but bought from it at an unfair low figure, does not sufficiently illuminate the transactions involved. Concur — Kupferman, J. P., Murphy, Lupiano, Capozzoli and Lane, JJ.