RALPH LIMMER, Appellant-Respondent, v MEDALLION GROUP, INC., et al., Respondents, and MARVIN H. SPEISER et al., Respondents-Appellants.

First Department, June 24, 1980

**APPEARANCES OF COUNSEL**

*Joseph Sternberg* of counsel *(Stuart D. Wechsler* and *H. Elliot Wales* with him on the brief; *Kass, Goodkind, Wechsler & Labaton,* attorneys), for appellant-respondent.

*Franklin B. Velie* of counsel *(Paul D. Wexler* and *Mathew E. Hoffman* with him on the brief; *Gordon Hurwitz Butowsky Baker Weitzen & Shalov,* attorneys), for respondents-appellants.

*John B. Grant, Jr. (Leon P. Gold* with him on the brief; *Shea & Gould,* attorneys), for J. K. Lasser & Co. and another, respondents.

*Henry P. Wasserstein* of counsel *(Norman Trabulus* with him on the brief; *Skadden, Arps, Slate, Meagher & Flom,* attorneys), for Medallion Group, Inc., and others, respondents.

OPINION OF THE COURT

KUPFERMAN, J. P.

Plaintiff is the owner of 300 shares of common stock issued by defendant Medallion Group, Inc., a Delaware corporation with its principal office in New York City and listed on the American Stock Exchange. He brings this derivative action on behalf of, and in the right of, defendant Medallion and certain of its subsidiaries and affiliates.

A proxy statement issued in connection with the February, 1978 annual meeting, forms 10-K and 8-K filed with the Securities and Exchange Commission for 1976, and three annual reports of Medallion, together revealed a series of transactions carried out by a group of the individual defendants. These defendants are directors and officers of one or more of the corporations (Medallion and its subsidiaries and affiliates) whom plaintiff terms control persons as defined by the securities laws.

The disclosed transactions consisted of the sale of various manufacturing facilities and operating equipment owned by the selling corporations to these individual defendants for a small cash outlay and nonrecourse notes. The facilities and operating equipment were then leased back pursuant to long-term leases in an arrangement whereby the rental payments more than offset payments due on the notes. There was also a purchase of computer equipment by Medallion and one of its subsidiaries, allegedly accomplished, in part, by the issuance of promissory notes in an excessive amount, and then purchased at a discount by individual defendants who were active in the management of the purchasing corporation. While individual participants in what were self-dealing, not arm's length transactions, did personally profit thereby, business reasons are postulated as an explanation.

The amended complaint sets forth six causes of action. The first four causes of action allege fraud and corporate waste in connection with these transactions. These four causes of action were dismissed by an order of Special Term for failing to plead fraud with the particularity required by CPLR 3016 (subd [b]). The amended complaint was also dismissed in this order as to two defendants for lack of personal jurisdiction pursuant to CPLR 3211 (subd [a], par 8). Plaintiff appeals from those portions of this order. In addition, in that order, Special Term denied the motion made by most of the individual defendants to dismiss on the additional grounds of documen-

tary evidence pursuant to CPLR 3211 (subd [a], pars 1, 7) and CPLR 3211 (subd [c]), from which denial those defendants appeal.

On appeal, defendants first contend that the amended complaint, like the original complaint, fails to state in sufficient detail the circumstances of the alleged fraud as required by CPLR 3016 (subd [b]), but instead relies on conclusory allegations. However, the complaint need only allege the misconduct complained of in sufficient detail to inform the defendants of the substance of the claims. (*Lanzi v Brooks,* 43 NY2d 778, 780.) The amended complaint accomplishes that required result.

The authorities relied on by defendants do not require the dismissal of any of these first four causes of action. *Foley v D'Agostino* (21 AD2d 60, 64) teaches only that, "these special provisions in subdivision (b) of 3016 constitute no more than a directive that the 'transactions and occurrences' constituting the 'wrong' shall be pleaded in sufficient 'detail' to give adequate notice thereof." *Lanzi (supra)* which was decided after *Foley (supra),* merely clarified how much detail would be considered sufficient. *Block v Landegger* (44 AD2d 671), on which defendants principally rely, is distinguishable. In that case, also a stockholder's derivative action involving self-dealing in transactions, the sale price of machinery by a prime stockholder was alleged to be unfair. However, as we there held, allegation of a sale at an unfair price, without more information regarding the circumstances of the sale, "does not sufficiently illuminate the transactions". (*Block v Landegger, supra,* p 671.)

Plaintiff in his amended complaint complies with the requirements. In the leaseback transactions set out in plaintiff's first three causes of action, prices, rental terms, interest and individual tax benefits and profits are fairly spelled out, and the circumstances of self-dealing are sufficiently pinpointed for the alleged impropriety. The sales were conducted on a noncompetitive basis, and at the conclusion of the lease period would leave but a corporate shell. The computer purchase, subject of the fourth cause of action, and the discounted notes in connection therewith are likewise set forth with the relationship of the parties delineated, as is the precise amount of the notes before and after discounting. These prices were set without an independent appraisal to justify the rate of dis-

count and without an analysis of the corporations' financial condition to explain the situation.

■ These directors and officers are bound by their duty of undivided and unqualified loyalty to their corporations, a duty which encompasses good faith efforts to insure that their personal profit is not at the expense of their corporations. (Business Corporation Law, § 717; see 19 CJS, Corporations, § 761, and cases cited.) In such instances of self-dealing, defendants have the burden of demonstrating the fairness of the transactions. (Cf. *Matter of Rothko,* 43 NY2d 305.) It may well be, of course, that defendants will be able to show a rational basis for these particular arrangements from perhaps a tax standpoint or by other applicable business criteria.

■ Despite a very able representation by counsel, including presentation of charts and breakdown of complicated data, and an analysis of the tax benefits, defendants have not met the burden of demonstrating that the facts in the amended complaint do not give sufficient notice of the fraud claimed, especially here where the transactions were initially set forth in documents prepared by the defendants themselves. The precise details defendants demand, and to which Special Term refers in the opinion accompanying its order, need not be set forth at this early pleading stage. In *Jered Contr. Corp. v New York City Tr. Auth.* (22 NY2d 187, 194) the court noted that in cases of fraud such detail was often impossible to state where those circumstances are peculiarly within the knowledge of the other party, and held that this should not defeat a valid cause of action.

■ The fifth cause of action alleges excessive compensation for the individually named defendants. Plaintiff appeals its dismissal for insufficiency for which leave to replead was given. As Special Term correctly determined, the claims of duplicative compensation are not accompanied by a showing of which payments were derived from what sources to constitute duplication. Also, claims of compensation disproportionate to net earnings are not supported by any authority asserting that such a practice is actionable.

The sixth cause of action concerned a settlement of an action by one defendant, Hyman, against certain defendants and others. We affirm the dismissal of this cause of action for the reasons stated by Special Term and because the settlement was an arm's length transaction and therefore not subject to the problems inherent in self-dealing.

■ The dismissal as to defendants Blumers and Gable for lack of personal jurisdiction is also affirmed. Plaintiff does not plead facts sufficient to overcome their affidavits as to residency outside New York and lack of other relevant contact with New York.

■ Finally, we affirm Special Term's denial of the individual defendants' motion to dismiss the first three causes of action based on documentary evidence. Such evidence does not conclusively show a benefit accruing to the corporations as a result of the sale and leaseback transactions at issue. As Special Term pointed out, plaintiff may be able to prove available alternate arm's length transactions more beneficial to the corporations.

There is also a judgment pursuant to a separate order of Special Term regarding the defendants-accountants. Defendants J. K. Lasser & Co. (now merged into Touche Ross & Co.) are the certified public accountants who prepared and certified the financial statements made a part of Medallion's annual reports. Plaintiff alleges in the first four causes of action that the accountants, although a separate and independent entity, conspired with the other defendants to permit the misuse of corporate assets. We affirm Special Term's determination to dismiss as to these defendants without leave to replead for the reasons stated by that court.

The order entered September 7, 1979 in New York County (GROSSMAN, J.) which, *inter alia,* granted defendants-respondents' motion to dismiss the amended complaint for failure to state a cause of action and granted the motion of defendants-respondents George W. Gable and John J. Blumers to dismiss with prejudice the amended complaint as against them for lack of personal jurisdiction, should be modified on the law to the extent of reversing the dismissal of the first four causes of action, reinstating the first four causes of action with the excision of paragraphs 14, 34, 50, 52 and 69 thereof, which specify allegations of complicity of defendants-accountants in the transactions complained of, and otherwise affirmed, without costs and without disbursements.

The judgment entered October 16, 1979, pursuant to an order entered September 7, 1979 (GROSSMAN, J.) granting the motion of defendants-accountants, J. K. Lasser & Co. and Touche Ross & Co., to dismiss plaintiff's amended complaint with prejudice, and granting judgment against plaintiff for

costs and disbursements, should be affirmed, without costs and without disbursements.

BIRNS, SANDLER, MARKEWICH and CARRO, JJ., concur.

Order, Supreme Curt, New York County, entered on September 7, 1979, which, *inter alia,* granted defendants-respondents' motion to dismiss the amended complaint, modified, on the law, to the extent of reversing the dismissal of the first four causes of action, reinstating the first four causes of action with the excision of paragraphs 14, 34, 50, 52 and 69 thereof, which specify allegations of complicity of defendant accountants in the transactions complained of, and otherwise affirmed, without costs and without disbursements; order of said court entered on September 7, 1979, which, *inter alia,* granted the motion to dismiss the amended complaint with prejudice, and the judgment entered thereon on October 16, 1979, affirmed, without costs and without disbursements.