■ F.I.F. CONSULTANTS, INC., on Behalf of Itself and All Other Stockholders of Jay Industries, Inc., Similarly Situated, Respondent, v JAYS INDUSTRIES, INC., et al., Appellants, et al., Defendant. — Order, Supreme Court, New York County (Nadel, J.), entered on April 1, 1980, affirmed. Respondent shall recover of appellants $75 costs and disbursements of this appeal. Concur — Sandler, Ross and Silverman, JJ.; Murphy, P.J., and Kupferman, J., dissent in part in a memorandum by Kupferman, J., as follows:

Kupferman, J. (dissenting). I would reverse and dismiss the complaint, but grant leave to replead in accordance with this opinion. Plaintiff claims to be a shareholder of the defendant corporation. The individual defendants were at the time of the commencement of the action officers and controlling stockholders of the defendant corporation. The motion to dismiss the complaint was on the basis that fraud and breach of fiduciary duty alleged in the complaint were not pleaded with sufficient particularity in accordance with CPLR 3016 (subd b), that the complaint failed to state a cause of action, and that there was no compliance with subdivision (c) of section 626 of the Business Corporation Law, in that no demand was made of the directors to correct the matters alleged before suit was brought. The alleged fraudulent acts are that the president and chairman of the board of the corporation, who is the owner of a substantial amount of stock and part of the control group, received a long-term contract at an annual salary of $200,000, which was excessive compensation in

view of the corporation's declining net income. Similarly, it is contended that the other two defendants, who are also officers and part of the control group, received contracts at an annual salary of $117,000 plus a percentage of pretax earnings of a related corporation. In addition, it is alleged that a consulting contract was given to one Estridge (who did not move to dismiss the complaint), under which he received 4,000 shares of the treasury stock of the corporation, and for which he did not render full value. None of the foregoing reveals anything beyond issues of business judgment. (See *Limmer v Medallion Group,* 75 AD2d 299.) However, there is one contention which merits further exploration, and that is the contention that the individual defendants caused the corporation to exhaust a million dollar line of credit for the purpose of acquiring a substantial portion of the outstanding stock of the corporation owned by nonofficer-director-shareholders in order to consolidate the individual defendants' control of the corporation. Leave should be given to replead with respect to this contention. As to the point under subdivision (b) of section 626 of the Business Corporation Law, we agree with the court at Special Term that sufficient reason has been given why no demand was made on the corporation or its board of directors.