STEPHEN BENDER, Appellant, v GASPARE FERRO et al., Respondents, et al., Defendants.

First Department, April 1, 1982

APPEARANCES OF COUNSEL

*Irving Bizar* of counsel (*Pincus Ohrenstein Bizar D'Alessandro & Solomon,* attorneys), for appellant.

*Jack A. Kaplowitz* of counsel (*Jeffrey W. Waller* with him on the brief; *Jeffrey W. Waller,* attorney), for respondents.

**OPINION OF THE COURT**

KUPFERMAN, J. P.

Plaintiff, a stockholder in H.J. Bottling Corporation (H.J.), alleges that the individual defendants, managing directors and chief executive officers of H.J., breached their

fiduciary duty to the corporation and defrauded the plaintiff and other stockholders by profiting personally from corporate opportunities.

The complaint contains two causes of action. The first cause of action is to the effect that the individual defendants failed to hold shareholders meetings or pay dividends and received excessive salaries. The second cause of action alleges that the individual defendants denied the plaintiff the opportunity to purchase additional shares of H.J. stock from other shareholders who desired to sell. The second cause of action was brought as a class action on behalf of all former shareholders of H.J.

Prior to the instant motion, class action status was denied.

The instant motion to dismiss the complaint for failure to state a cause of action was granted and leave to serve an amended complaint with respect to the second cause of action was denied. The proposed amended complaint adds the additional point that corporate funds were used by the individual defendants to buy shares of selling stockholders for the account of the individual defendants.

It seems that the board of directors of H.J. had been seeking to sell the corporation, and they were eventually successful in that the corporation was acquired in 1976 by International Telephone & Telegraph (I.T.T.). Accordingly, it is contended by the defendants that whatever rights the plaintiff may have had were extinguished in the acquisition, and that the plaintiff was not a shareholder at the time of the commencement of the action because of the acquisition.

■ The contentions in the first cause of action with respect to dividends and salaries, etc., involving as they do matters of business judgment (see *Limmer v Medallion Group,* 75 AD2d 299) are in any event insufficient to make out an individual cause of action, but rather to make out a claim of a derivative nature which belongs to the corporation. (*Auerbach v Bennett,* 47 NY2d 619.)

■ The contention in the second cause of action (considered with the additional allegations of the proposed amended complaint) that the individual defendants, on the

basis of inside information, bought the stock of other stockholders in the closely held corporation for their own account using corporate credit and without affording such opportunity to the other stockholders (see *F.I.F. Consultants v Jays Inds.,* 83 AD2d 501; *Singer v Whitman & Ransom,* 83 AD2d 862, 863), could be the basis for a proper class action. The merger of H.J. into I.T.T. does not foreclose such action. (*Albert v Salzman,* 41 AD2d 501; see *Billy v Consolidated Mach. Tool Corp.,* 51 NY2d 152, 161.)

If the individual defendants took advantage of their positions vis-à-vis the other stockholders, such fiduciary obligations should not be "lightly discarded". (See *Wendt v Fischer,* 243 NY 439, 443-444; *Avena v Ford Motor Co.,* 85 AD2d 149, 156.)

Leave should be given to serve an amended complaint on the second cause of action along these lines. (See *Schlesinger Inv. Partnership v Fluor Corp.,* 671 F2d 739.)

Accordingly, the order of the Supreme Court, New York County (BLANGIARDO, J.), entered June 2, 1981, which granted the motion of two individual defendants to dismiss the complaint on the ground that it failed to state a cause of action, and denied plaintiff's motion for leave to serve an amended complaint as a class action, should be modified, on the law, without costs, to the extent of granting leave to serve an amended complaint as a class action with respect to the second cause of action, and otherwise affirmed.

SANDLER, BLOOM and LUPIANO, JJ., concur.

Order, Supreme Court, New York County, entered on June 2, 1981, unanimously modified, on the law, without costs and without disbursements, to the extent of granting leave to serve an amended complaint as a class action with respect to the second cause of action, and otherwise affirmed.