## Carey v. Landis

*John D. Rively,* for plaintiffs.
*Gerald T. Sajer, William T. Smith,* and *Eugene Pepinsky,* for defendants.

CASSIMATIS, *J.,* July 3, 1980—Plaintiffs, Mary Ann Carey, and Joyce, Rickey and Michael Lowry, have filed a complaint in equity. All defendants

have filed preliminary objections to this complaint. Defendant Robert M. Lane has filed preliminary objections in the nature of a demurrer and a motion to strike. Defendants Jeanette Landis, Robert Griffin and Robert L. Lowry Asphalt Paving, Inc. (hereinafter called Robert L. Lowry, Inc.), have filed preliminary objections in the nature of a demurrer, a motion to strike, a motion to dismiss for lack of capacity to sue and a petition raising questions of jurisdiction and venue. Because all preliminary objections raise the same factual and legal issues, we will handle them together in this disposition under Local Rule 30.

Plaintiffs are the sons and daughters of decedent, Robert L. Lowry. As such, they are the beneficiaries of an inter vivos trust created by decedent. Part of the principal of this trust is the residue of decedent's estate, as set forth in the will dated August 21, 1972. This bequest is subject to the restrictive stock agreement between Mr. Lowry and his business partner, defendant Griffin, with regard to the stock of Robert L. Lowry, Inc. Under this agreement, "the surviving shareholder shall purchase and the personal representative of the decedent shall sell all the corporate stock of the corporation now owned or hereafter acquired by the shareholder who is first to die."

In this action, plaintiffs are challenging the sale by the corporation of decedent's home to defendant Landis for allegedly one-third of the fair market value. After decedent's death, the executor of his estate, Cumberland County National Bank and Trust Company (CCNB), appointed defendant Lane and defendant Griffin as interim president and secretary respectively of the corporation. Shortly thereafter, the corporation which originally

purchased and held title to the house, sold it to defendant Landis for $26,630, pursuant to an alleged corporate option executed by decedent. Plaintiffs are now seeking to set aside this corporate action alleging it was improper and ultra vires.

## I

The first issue is whether this action is barred by the doctrine of either res judicata or collateral estoppel. The requirements for the application of these doctrines are set forth in Thompson v. Karastan Rug Mills, 228 Pa. Superior Ct. 260, 265, 323 A. 2d 341 (1974). The requirements for the doctrine of collateral estoppel are:

"(1) that the issue or issues of fact determined in a prior action be the same as those appearing in a subsequent action, there being no necessity that the cause of actions be the same; (2) that the party against whom the defense is invoked is identical to or in privity to the party in the first action."

To apply the doctrine of res judicata, there must be the concurrence of four conditions: "(1) identity of the thing sued upon; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity of the quality or capacity of the parties suing or being sued."

In the case at bar, there have been numerous actions involving these parties before the court through its orphans' court division, as well as a prior civil action in equity. These actions included: (1) a petition under section 3323 of the Probate, Estates and Fiduciaries code, 20 Pa.C.S.A. §3323 (P.E.F.), filed by the executor seeking approval to sell decedent's stock interest to defendant Griffin; (2) a petition under section 3323 of P.E.F. Code by

defendant Griffin, requesting an order against the executor to sell and transfer decedent's stock in Robert L. Lowry, Inc., in ten equal annual payments, plus interest; (3) Proceeding no. 67-77-946, filed by the heirs, requesting the removal of CCNB as the trustee; and (4) a civil action, No. 79-S-2498, naming the same parties as plaintiffs and defendants herein, which action was dismissed after plaintiffs failed to answer defendants' preliminary objections.

We must agree with plaintiffs' contention that these prior actions do not bar the present case. None of the prior actions have dealt with a challenge of the improper and/or ultra vires actions of corporate officers.

## II

The second issue raised by both the demurrer and the motion for lack of capacity to sue, is whether plaintiffs, as the beneficiaries of decedent's trust, have the standing to challenge the actions of the corporate officers. Regardless of whether it is deemed that plaintiffs are suing for the recovery of the corporate asset, or to recover for consummated ultra vires acts, such a cause of action is a derivative, not a primary act: 13 Fletcher Cyc. Corp. Perm. Ed. §§5926, 5928. It is the general rule that only shareholders have the right to bring a derivative action. However, the right to bring a derivative action is not limited to the shareholder of record who is in possession of a stock certificate. An owner of an equitable interest in the corporate stock is likewise entitled to maintain the action: 13 Fletcher Cyc. Corp. Perm. Ed. §§5972, 5976.

Plaintiffs admit that they are not the shareholders of record in possession of the stock certificates.

However, they contend that they have an "equitable interest" in the stock as beneficiaries in the decedent's trust. When pressed at oral argument to define the nature of this equitable interest, plaintiffs' counsel could only say it arose because plaintiffs, who are children of the decedent, have a vested interest in the trust, and this entitles them to bring this suit against the corporation as though they were the shareholders.

We find this contention to be without merit. The decedent's will, which authorized the placement of the residue of the estate in the trust for his children, is specifically subject to the Restrictive Stock Agreement. This agreement has been held to be valid and in operation by prior decisions of the court. The executor, in fact, has been ordered to turn over to defendant Griffin one-tenth of the stock after each of the ten annual payments. The stock is not even yet part of the trust res.* Under these circumstances, we hold plaintiffs do not have the status of shareholders and are without standing to maintain this derivative action. Therefore, defendants' demurrer must be sustained and plaintiffs' action dismissed.

### III

Insofar as plaintiffs' complaint will be dismissed because plaintiffs do not have standing to bring this action, the remaining issues based on the questions of jurisdiction and motion to strike need not be discussed.

Accordingly, we will enter the following

---

*The executor has not yet distributed to the trustee the assets to be administered under the terms of the trust.

## ORDER

And now, July 3, 1980, the preliminary objection of defendants in the nature of a demurrer is granted, and plaintiffs' complaint is dismissed.

The prothonotary is directed to give notice of the entry of this opinion and order as required by law.