OPINION OF THE COURT
Andrew J. Di Paola, J.
Motion by plaintiffs for summary judgment pursuant to CPLR 3212 against defendants (except Richard L. Russell and Edwin B. Dooly) in the sum of $18,564.75, plus interest from July 5, 1974, is granted.
Cross motion by defendant Magda Gabor Gallucci for summary judgment pursuant to CPLR 3212 dismissing the action against her is denied.
*866 This is an action pursuant to section 630 of the Business Corporation Law. The plaintiffs, trustees of Local 282 Welfare and Pension Trust Funds, seek to recover past due fringe benefit contributions from those defendants holding a beneficial interest in the shares of Samuel Gallucci and Sons, fnc., which defaulted under the terms of collective bargaining agreement and trust agreement to remit same.
By submission of an affidavit of one of the trustees of Local 282 Welfare and Pension Trust Funds, the examination before trial of the former president of the corporation and other documentary evidence, the plaintiffs have established a prima facie case entitling them to recover $18,564.75 together with interest thereon from July 5, 1974, the date plaintiff’s proof of claim was filed in the bankruptcy court, for payment of the fringe benefit contributions from July 1, 1972 through April 30, 1974 from Theodore Gallucci, Jr. (owner of common stock) and Magda Gabor Gallucci (lifetime income beneficiaries of the trust) and Theodore’s children (remainderman with right to receive the trust corpus upon death of Theodore and Magda).
Plaintiffs have the right to bring this action without having first issued an execution against the corporation. Performance of that requirement or condition was excused by virtue of the bankruptcy proceedings wherein the corporation was adjudicated bankrupt. By virtue of the bankruptcy proceedings, the plaintiffs herein were enjoined from instituting suit against the corporation, recovering a judgment and issuing an execution. As stated in Shellington v Howland (53 NY 371, 374-375): “When the performance of a condition becomes impossible by the operation and effect of a statute, that is, becomes illegal, the performance is excused, and the rights of the parties will be preserved.” Our courts do not require a party to perform useless acts (Firestone Tire & Rubber Co. v Agnew, 194 NY 165, 171). Waiting for the return of an execution unsatisfied would have been a futile gesture because of the bankruptcy (Grossman v Sendor, 64 AD2d 561).
Although defendant Magda was a nondomiciliary at the time of this action’s commencement, jurisdiction has been obtained under the long-arm statute (CPLR 302, subd [a], par 1). The evidence sufficiently establishes that in *867 person and through an agent, she transacted business in this State with respect to the subject matter of this action, i.e., her beneficial interest in the corporation’s stock. Her New York attorney represented her in this State in the proceeding in the New York County Surrogate’s Court which resulted in a tax free distribution to her of $245,000 when the corporation’s stock was redeemed, a cancellation of her $50,000 indebtedness, and a reaffirmation of her beneficial interest in the shares of preferred stock held in trust. In addition, she executed the settlement agreement in New York on July 28, 1972. Such participation constitutes sufficient purposeful activity to subject her to jurisdiction. Furthermore, the maintenance of this action in New York against her does not offend the traditional notions of fair play and substantial justice. She acquired her beneficial interest while she was a New York resident; the trust is situated here; the remaining Gallucci defendants are New York domiciliaries.
The claim of defendant, Magda Gabor Gallucci, that she is not one of the corporation’s 10 largest stockholders, has no merit. The identity of the corporation’s 10 largest shareholders is to be determined by the fair value of their beneficial interest. (Business Corporation Law, § 630, subd [a].) The term “beneficial interest” is commonly used to designate the interest of a beneficiary of a trust (County Trust Co. v Young, 262 App Div 31, 35). Black’s Law Dictionary (5th ed, p 142) defines “beneficial interest” to mean: “Profit, benefit, or advantage resulting from a contract, or the ownership of an estate as distinct from the legal ownership or control.” (Emphasis supplied.) The will of Arthur Gallucci, now deceased, created a trust which entitled Magda Gabor Gallucci during her lifetime to receive one half of the net income of the property held in trust. She, thus, became the owner of a beneficial interest in the corpus of the property (Brown v Fletcher, 235 US 589, 598-599; Senior v Braden, 295 US 422, 432-433). As stated in Schoellkopf v Marine Trust Co. of Buffalo (267 NY 358, 362): “Any person who under the terms of the instrument has a right, whether present or future, whether vested or contingent, to income or principal of the trust fund, has a beneficial interest in the trust * * * Any right given by *868 the trust instrument to receive a benefit from the trust in some contingency is a ‘beneficial interest’ in the trust.” The fact that the corpus of the trust consisted, inter alia, of the nonvoting preferred stock of the corporation and not common stock is irrelevant. “In the absence of express provision to the contrary, the holders of preferred stock in a corporation are subject to the same liabilities as the holders of the common stock.” (11 Fletcher’s Cyclopedia Corporations [rev ed], § 5304, p 574.) Further, the evidence consisting of paragraph 4.4.1 of settlement agreement executed by Magda Gabor Gallucci as filed in the Surrogate’s Court with respect to the estate shows that she accepted the schedules of the executor-trustee’s account for the period May 3, 1968 to September 30, 1971, one of which (schedule H — statement of interested parties) designated the “Nature and Approximate Value of Interest” of Magda Gabor Gallucci, spouse of decedent as an “Interest in principal invasion from residuary trust $285,000; life income beneficiary of trust of one-half of residuary estate; value undetermined.”
Certainly, the Legislature in enacting subdivision (a) of section 630 of the Business Corporation Law knew of the distinction between a legal estate which the trustee holds and the equitable estate which the beneficiary holds in the same property. In the interpretations of statutes, the legislative intent is primarily to be determined from the language used in the act, considered in its most natural and obvious sense (McKinney’s Cons Laws of NY, Book 1, Statutes, § 232). By specifying in the statute “their beneficial interest” with reference to the “shareholders” the Legislature made clear its intention not to make a fiduciary such as a trustee holding legal title personally liable therein but patently intended to make the equitable owners entitled to the beneficial enjoyment of the stock in the corporation responsible for payment of employee wage claims. By reason of Magda Gabor Gallucci’s beneficial interest in the preferred stock and other trust assets, schedule E of the settlement agreement shows distribution to her from September 26, 1968 to June 7, 1971 of $229,153.09 and paragraph 4.1.3 of said agreement shows *869 the delivery of a certified or bank check payable to her in the sum of $245,000.
It is also true that the statute was intended to reach defendant Theodore Gallucci, Jr., who is the owner of the common stock of the corporation and also his five children who were remaindermen, as they are beneficially interested in the trust comprised of shares in the corporation (Graham v Manufacturers Nat. Bank of Troy, 261 App Div 46). The equitable owner of stock who is a beneficiary of a trust is even considered as a stockholder for purposes of maintaining a derivative action (Braman v Westaway, 60 NYS2d 190, 196, mod 59 NYS2d 509; see, also, Business Corporation Law, § 626, subd [a]; Stephenson v Landegger, 337 F Supp 591, 593). Since trust beneficiaries, as a matter of law, hold the beneficial interest in the trust assets comprised of shares in a corporation, Theodore Gallucci, Jr.’s five children are “shareholders” within the contemplation of section 630 of the Business Corporation Law and, therefore, are jointly and personally liable with their father, Theodore Galucci, Jr., and Magda Gabor Gallucci for past due contributions (see 11 NY Jur, Corporations, § 464 et seq.).
There are no genuine triable issues. Accordingly, summary judgment is granted against all defendants except Russell and Dooly.