STATE OF MAINE                                    SUPERIOR COURT
PENOBSCOT, SS.                                    Docket No. CV-03-222

COMMUNITY HEALTH AND        )
COUNSELING SERVICES,        )
                Plaintiff   )
                            )                      APR 20 2005
                            )
            v.              )        ORDER
                            )
                            )                      MAR 16 2005
AFFILIATED HEALTHCARE       )
SYSTEMS, et als.,           )                      PENOBSCOT COUNTY
                Defendants. )

FILED & ENTERED
SUPERIOR COURT
MAR 16 2005
PENOBSCOT COUNTY

Plaintiff CHCS[1] has filed a motion pursuant to Rule 56(f) of the Maine Rules of Civil Procedure styled as a "Supplemental Motion for Consolidation and Extension of Time within which to Respond to Motions for Summary Judgment." While it is unclear to the court precisely what CHCS seeks to consolidate, the motion for extension is clearly in response to this court's Order of December 3, 2004, which allowed an opportunity for such. CHCS has identified the areas which it seeks to address in discovery if the motion is granted.[2] The Defendants oppose the motion and assert that the proposed areas of discovery do little to illuminate the issues raised by the motions for summary judgment.

The standards for a Rule 56(f) motion are established in *Bay View Bank, N.A. v. The Highland Golf Mortgagees Realty Trust*, 2002 ME 178, 814; 814 A.2d 449 (Me. 2002). The fourth of these standards[3] requires the movant to "...set forth a plausible basis for believing that the specified facts, susceptible of collection within a reasonable time frame, probably exist, and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion...". While a party obviously cannot know the details of facts within the exclusive knowledge and control of the other party, the rule requires the party seeking the extension and discovery to offer up a good faith suggestion of the type of facts underline believed to be in the possession of the other which would impact upon the summary judgment issues. If such facts are sufficiently identified, the extension (and opportunity for discovery) will be allowed.

The Defendants' motions for summary judgment raise the issue of standing (i.e.- whether CHCS must assert this claim as a stockholder derivative suit). At the heart of

---

[1] Abbreviations of the parties' names as established in prior Orders of the court and the parties' submissions will be used herein.

[2] See affidavit of Kevin M. Cuddy (attached to the pending motion).

[3] Defendants argue that Mr. Cuddy's affidavit is deficient under the other *Bay View Bank* standards. The court declines to reach these arguments in this context.

this motion is the question of whether CHCS suffered a greater harm than the other stockholder in NEHHC.[4] While there are other issues which may affect the final outcome of this claim, the standing issue is a threshold and potentially dispositive question. It hinges upon the issue of disparate harm.

After review of the putative facts contained in Mr. Cuddy's affidavit, the court concludes that only item 6(k) may arguably illuminate the issue of disparate harm to CHCS.

NEHHC has two equal stockholders. If it has sustained any loss or damage by virtue of competition from ProHealth, that loss would be passed equally to CHCS and EMC. Accordingly, no disparate harm is demonstrated at this level of analysis.

CHCS urges the court to take the analysis further. The parties' submissions suggest - and the court accepts as proven for the purposes of this motion - that EMC derives funding from contributions from EMH. CHCS reasons as follows: If ProHealth turns a profit, that profit would filter upward to AHS and ultimately to EMH which would then have those additional funds to tap into as it grants funding to EMC.[5] Stated otherwise, EMC has a source of funding which is unavailable to CHCS which would be funded in part by income from the allegedly improper competition. CHCS argues that this results in disparate harm such that a stockholder derivative suit is not the exclusive vehicle for redress.

The Defendants have alleged that ProHealth ran at a loss and, as such, EMC derived no benefit. Accordingly, they argue, there has been no disparate harm.[6] These facts are not clearly a matter of record and may be a subject of interpretation. CHCS is entitled to explore this critical issue. Accordingly the court grants CHCS's motion as follows:

CHCS is allowed until May 31, 2005, to respond to the Defendant's motions for summary judgment. Discovery shall be limited to the issues noted in the preceding paragraph (i.e.- Did EMC reap a tangible and demonstrable financial benefit from ProHealth's operation during the periods alleged in the Amended Complaint?) and shall be completed by May 15, 2005.

The Clerk may incorporate this Order upon the docket by reference.

Dated: March 16, 2005

Andrew M. Mead
JUSTICE, MAINE SUPERIOR COURT

---

[4] Many of the points raised in Mr. Cuddy's affidavit relate to the ownership relationships between the parties. To a very large degree, these relationships are undisputed, and the court is prepared (for the purposes of this motion) to accept them at face value. See items 6(a-f) of Mr. Cuddy's affidavit.

[5] The court acknowledges that this may be an oversimplification of CHCS's position.

[6] Indeed, EMC may arguably have suffered a greater harm under this scenario.

COMMUNITY HEALTH AND COUNSELING SERVICES VS AFFILIATED HEALTHCARE SYSTEMS ET AL
UTN:AOCSsr  -2003-0124905                          CASE #:BANSC-CV-2003-00222
-------------------------------------------------------------------------------
COMMUNITY HEALTH AND COUNSELING SERVICES                            PL
ATTY CUDDY, KEVIN  Tel# (207) 942-2898
ATTY ADDR:470 EVERGREEN WOODS BANGOR ME 04401
ATTY LANHAM, SAMUEL W.  JR Tel# (207) 942-2898
ATTY ADDR:470 EVERGREEN WOODS BANGOR ME 04401

*For Deft:*
*Sandra Rothera Esq*
*George Schelling Esq*
*Renee Inman Esq*
*Nathan Martell Esq*

*P.O. Box 917 Bangor*

M=More, Space = Exit:M

Select the EXIT KEY for page selection line.

STATE OF MAINE
PENOBSCOT, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET # CV-2003-222
AMA) -PEN- 10/14 2 cc<sup></sup>

COMMUNITY HEALTH AND
COUNSEING SERVICES,

)
)
,                              )
                 Plaintiff    )
                              )
v.                            )
                              )
AFFILIATED HEALTHCARE         )
SYSTEMS,                      )
 AFFILIATED HEALTHCARE        )
MANAGEMENT,                   )
EASTERN MAINE HEALTHCARE,     )
EASTERN MANE HEALTHCARE       )
SYSTEMS,  EASTERN MAINE       )
CHARITIES, KENNETH HEWS,      )
DANIEL B. COFFEY,             )
                              )
                 Defendants   )

FILED ENTERED
SUPERIOR COURT

OCT 14 2004

PENOBSCOT COUNTY

DECISION AND
ORDER

DONALD L. GARBRECHT
LAW LIBRARY

OCT 20 2004

This matter is before the Court on Defendants', Kenneth Hews, and Daniel B. Coffey,

Motion for Summary Judgment, pursuant to Maine Rule of Civil Procedure 56; Defendants',

Affiliated Healthcare Systems (herein "**AHS**"), Affiliated Healthcare Management (herein

"**AHM**"), Eastern Maine Healthcare (herein "**EMH**"), Eastern Maine Healthcare Systems

(herein "**EMHS**"), and Eastern Maine Charities (herein "**EMC**") (herein "**Corporate**

**Defendants**"), Motion for Summary Judgment, pursuant to Maine Rule of Civil Procedure 56;

Coffey and Hews' Alternative Motion for Summary Judgment, pursuant to Maine Rule of Civil

Procedure 56; the Corporate Defendants' Alternative Motion for Summary Judgment, pursuant

to Maine Rule of Civil Procedure 56 and Plaintiff's, Community Health and Counseling

Services' (herein "**CHCS**"), Motion to file First Amended Complaint.

1

## Background

CHCS is a Maine corporation doing business in Bangor, Maine. New England Home Healthcare (herein **"NEHHC"**) is a Maine corporation and provides health staffing services out of Bangor, Maine. EMC and Fleet Bank as Successor Trustee to Maine National Bank Trustee of the Endowment Fund of Community Health and Counseling Services (of which CHCS is the single trust beneficiary) each hold a fifty percent share of NEHHC. On November 6, 1984 CHCS executed a revocable trust with Maine National Bank[1] and placed shares representing its one-half interest in NEHHC into the trust. By April 18, 2001, the trust agreement was amended and the trustee's power over the shares was reduced.

EMHS is a Maine corporation doing business in Bangor, Maine. It has among its subsidiaries EMH, EMC and AHS. AHM is a Maine corporation engaged in hospital management services doing business in Bangor, Maine. AHS is AHM's single shareholder. Hews was a member of NEHHC's Management Committee. Hews was and is the president of AHS. Coffey was, and is, the treasurer of AHS, EMH, EMHS as well as the president of EMC. Professional Health Staffing Services (herein **"PHSS"**) came into existence on March 21, 2000 as a "mark" applied for by AHM. PHSS provided temporary healthcare staffing services statewide. CHCS filed a Complaint in December 2003 alleging that by creating a direct competitor to NEHHC (of which it owns fifty percent of the shares), all of the Defendants breached certain fiduciary duties to NEHHC and CHCS. Such duties included candor, good faith and fairness in dealing with CHCS and NEHHC. CHCS alleges that that by creating PHSS, the Defendants have endangered the viability of NEHHC by taking work opportunities that could be filled by NEHHC, contributing to the labor shortage, diluting the labor pool, forcing up wages

---

[1] Fleet National Bank later replaced Maine National Bank as trustee.

and increasing labor costs. During the years of PHSS's operation by the Corporate Defendants, PHSS operated at a loss of $194,833.25. CHCS is requesting an injunction and the imposition of a constructive trust with respect to any assets received by the Defendants from either the operation or sale of PHSS.

## Discussion

### A. Standard of Review

A party is entitled to summary judgment when the record shows that there is no genuine issue of material fact and the party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); see also Darlings v. Ford Motor Co., 2003 ME 21, ¶ 14, 817 A.2d 877, 879. Essentially the Court determines whether there is a genuine issue of material fact by comparing the parties' statements of material facts and corresponding record references. Corey v. Norman, Hanson & DeTroy, 1999 ME 196, ¶ 8, 742 A.2d 933, 938. The Court will view the evidence in light most favorable to the non-moving party. See Steeves v. Bernstein, Shur, Sawyer & Nelson, P.A., 1998 ME 210, ¶ 11, 718 A.2d 186.

### B. Defendants' Alternative Motions for Summary Judgment

The Defendants argue in their alternative motions for summary judgment that CHCS lacks standing because it does not directly own its share of the NEHHC stock. Generally, the plaintiff has the burden of proving standing. Fink v. Golenbock, 680 A.2d 1243, 1253 (Conn. 1996). Standing means "that an individual has a sufficient personal stake in the controversy to obtain judicial resolution." Maine Civil Liberties v. South Portland, 1999 ME 121, ¶ 8 n.5, 734 A.2d 191, 194 n.5. Corporations are distinct entities and stockholders do not have the power to represent a corporation. 18 AM. JUR. 2d Corporations, § 42.

3

Maine has not addressed the issue of whether a trust beneficiary has standing to bring an action as a shareholder. However, other jurisdictions have dealt with this issue and generally refer to it as the "contemporaneous ownership rule." These cases are persuasive and the Court will not deny CHCS standing because of its beneficiary status.

In Carey v. Landis, 15 Pa. D. & C.3d 17 (Pa. C. 1980), Pennsylvania held that while it is the general rule that only shareholders have the right to bring a derivative action, the owner of an equitable interest in the corporate stock is likewise entitled to maintain an action. Id. at 20. In that case, the plaintiffs were beneficiaries of a decedent's trust and had to define their "equitable interest" in the stock. Id. Since the stock had not yet become part of the trust res, the court held that the plaintiffs there did not have enough of an equitable interest to maintain a derivative suit. Id. at 21.

In addition to Pennsylvania; California, New York and Delaware allow trust beneficiaries to maintain actions as shareholders. See Pearce v. Superior Court of Kern County, 197 Cal. Rptr. 238, 241 (Cal. Ct. App. 1983); Sasso v. Gallucci, (447 N.Y.S.2d 618 (N.Y. Sup. Ct. 1982); Stephenson v. Landegger, 337 F. Supp. 591 (S.D.N.Y. 1971) affd. 464 F.2d 133 (2d Cir. 1971), cert. den. 409 U.S. 1039 (1972); Schlegel v. Schlegel Mfg. Corp., 258 N.Y.S.2d 587 (N.Y. App. Div.1965) and Clark v. Kelly, No. 16780, 1999 Del. Ch. LEXIS 148 (Del. Ch. June 24, 1999).

Walsh v. City of Brewer, 315 A.2d 200 (Me. 1974), while not controlling is instructive. The plaintiff was seeking to obtain a license to build a mobil home park on land that was owned by his mother and wife. Id. at 206. The Court sustained the City's appeal and ruled that the plaintiff did not have standing, because he was not the actual owner of the land. Id. at 205-06. In reaching this conclusion, the Law Court examined the relationship that the plaintiff had with the property in question. Id. at 207. Concluding that the relationship was not "sufficiently

4

germane", the Law Court denied the plaintiff standing. Here, CHCS does have a "sufficiently germane" relationship with the NEHHC shares, both before and after any alleged amendments to trust agreement. At all pertinent times, the shares were a part of the trust res and it appears that the trust is simply a holding capacity that does not involve the day-to-day operation of NEHHC. CHCS has a sufficiently germane relationship with the shares and should not be denied standing for lack of ownership. Defendants' Alternative Motions for Summary Judgment must be denied.

## C.    Defendants' Motions for Summary Judgment

*1.    There are no fiduciary duties between the Corporate Defendants and Defendant Coffey and CHCS as a mere shareholder.*

The Defendants argue that there are no fiduciary duties between them and CHCS as a mere shareholder. "[T]he directors and officers of a corporation shall exercise their powers and discharge their duties in good faith with a view to the interests of the corporation and of the *shareholders.*" 13-A M.R.S.A. § 716 (Supp. 2003) (emphasis added).[2] When a closely held corporation is managed by its shareholders, the heightened duties of section 716 are applied to them. See Moore v. Maine Indus. Serv. Inc., 645 A.2d 626, 628 (Me. 1994). However, neither CHCS nor EMC are managing shareholders. NEHHC is managed by its own management committee, in which only defendant Hews is a member. Ordinarily, unless the shareholder is a majority shareholder or active in the management of the corporation, the minority shareholder has no well defined duties to the remaining shareholders. See WILLIAM M. FLETCHER, FLETCHER CYCLOPEDIA OF THE LAW OF PRIVATE CORPORATIONS § 5713 (West 2004). In a

---

[2] 13-A M.R.S.A. § 716 was repealed effective July 1, 2003. However, the formation of PHSS occurred prior to this date. While procedural enactments will apply retroactively, *see infra* note 3, statutes affecting substantive right are to apply prospectively. Sinclair v. Sinclair, 654 A.2d 438, 439 (Me.1995) (citing Riley v. Bath Iron Works Corp., 639 A.2d 626 (Me.1994)); Reagan v. Racal Mortgage., Inc., 135 F.3d 37, 42 (1st Cir. 1998). Therefore the substantive duties imposed on directors and officers to a corporation as well as its *shareholders* under section 716 are applicable.

closely held corporation, common shareholders owe one another the same duties *in the operation of* the corporation that partners owe to one another. Id. As neither CHCS nor EMC manage NEHHC and neither are majority shareholders, the heightened fiduciary duties of section 716 cannot be imposed on EMC. The corporate veil will not be pierced solely for the purpose of finding a fiduciary relationship when one does not exist. Id. Furthermore, none of the defendants, with the exception of Hews, are directors or officers of NEHHC nor do any of them play a managing role in NEHHC. The heightened fiduciary duties of section 716 cannot apply between them and CHCS as a mere shareholder.

Defendant Hews, however, does owe fiduciary duties under section 716. Hews was both a member of NEHHC's management committee as well as the President of AHS. AHS was the sole owner of AHM and AHM created a direct competitor to NEHHC in the form of PHSS. Their is a genuine issue of material fact concerning whether Hews, breached his duties to CHCS by not acting in good faith "with a view to the interests of the . . . shareholders and with that degree of diligence, care and skill which ordinarily prudent men would exercise under similar circumstances in like positions" when AHM, completely owned by a corporation (AHS) in which he was President, created a direct competitor (PHSS) to another corporation in which he was a member of its management committee (NEHHC). 13-A M.R.S.A. § 716.

2.     *CHCS is required to bring a derivative suit against the Corporate Defendants and Coffey if they want to impose duties owed to NEHHC.*

CHCS must bring such an action in a derivative suit in order to maintain any possible action against the Corporate Defendants and Coffey on behalf of NEHHC. Maine Rule of Civil Procedure 23(A) states that a derivative suit must be filed in the Superior Court by one or more shareholders to "enforce a right of a corporation or association having failed to enforce a right by

6

which may be properly asserted by it . . . ." The Rule goes on to impose heightened standards on a complaint in such an action, such as particularized allegations. Id. The new Maine Business Corporation Act, 13-C M.R.S.A. § 101 et. seq. (2003) imposes additional requirements.[3] Id. at § 751(1). A direct action is often preferred by litigants because it avoids these heightened procedural requirements.

CHCS, as a shareholder, has not instituted a derivative action and, instead has filed a direct suit for damages allegedly sustained by NEHHC. CHCS argues that it is not required to bring a derivative suit in this case, because it characterizes the relationship with EMC as a "partnership" rather than as two equal corporate shareholders. This argument is unsupportable by any of the submissions in any of the pending motions. NEHHC is registered as a corporation, not as a partnership under the Maine Uniform Partnership Act. 31 M.R.S.A. § 281 et. seq. (Supp. 2003). 31 M.R.S.A. § 286 states that, "any association formed under any other statute of this State . . . is not a partnership under this Act. Id. While a corporation may be a partner in a partnership under 31 M.R.S.A. § 282(5), section 286 suggests that a corporation may not also be a partnership at the same time.

"There are two major, often overlapping, exceptions to the general rule that a shareholder cannot directly sue for injuries to his corporation: (1) where there is a special duty, such as a contractual duty, between the wrong doer and the shareholders, and (2) where the shareholder suffered an injury separate and distinct from that suffered by other shareholders." Moore, 645 A.2d at 629 (quoting Forbes v. Wells Beach casino, Inc., 307 A.2d 210, 221 (Me. 1973)). Here, CHCS, with the exception of Hews, as discussed above, is not owed any special duties by the defendants and has not made any allegations in the original or the proposed amended Complaint

---

[3] Although 13-C M.R.S.A. § 751 did not come into effect until July 1, 2003, it is a procedural rule and, thus, applies, retroactively, to all causes of action filed after it has taken effect. CHCS filed this action on December 2003, thus the procedural aspects of section 751 apply. *See supra* note 2.

that it has suffered a "separate and distinct" harm than that suffered by the other shareholder, EMC. There is no genuine issue of material fact as to CHCS's standing in this case. CHCS has instituted a direct action on its own behalf for harm suffered by NEHHC. Such a case requires a plaintiff to file a derivative suit under M.R. Civ. P. 23(A) and 13-C M.R.S.A.§ 751. CHCS has not done so, therefore Coffey and Hews' motion for summary judgment must granted for Coffey and denied as to Hews and the Corporate Defendants' motion for summary judgment must be granted.

## D.    CHCS's Motion to File First Amended Complaint

CHCS has filed a motion to amend the Complaint and filed an proposed amended Complaint on April 5, 2004. While leave to amend should be freely given when justice so requires, M.R. Civ. P. 15(a), the Court should deny the motion when the moving party fails to show how it could cure a complaint. See Potter, Prescott, Jamieson & Nelson, P.A. v. Campbell, 1998 ME 70, ¶ 10, 708 A.2d 283, 286-87. The amended Complaint does not state a claim for a derivative action and does not offer any new independent, substantive theories of recovery. The amended complaint remains defective. In denying CHCS' motion to amend, the Defendants' amended answers are also stricken.

## Conclusion

Defendants Coffey and Hews' Motion for Summary Judgment is **DENIED** as to defendant **Hews** but **GRANTED** as to defendant **Coffey**. Defendant Coffey's Motion to Dismiss is moot as the motion for summary judgment as to Coffey was granted. The Corporate Defendants' Motion for Summary Judgment is **GRANTED**. The Defendants' Alternative Motions for Summary Judgment are both **DENIED**. Plaintiff's Motion to File First Amended Complaint is **DENIED.** Plaintiff's Motion for Extension of Time to respond to Motions for

8

Summary Judgment is moot.  Plaintiff's Motion for Consolidation/Extension Time to Respond to Motions for Summary Judgment is moot.  The Corporate Defendants Motion to Strike CHCS's Opposing memorandum is moot.

DATED:  October 14, 2004

Justice, Maine Superior Court
Andrew M. Mead

COMMUNITY HEALTH AND COUNSELING SERVICES - PLAINTIFF

Attorney for: COMMUNITY HEALTH AND COUNSELING SERVICES
KEVIN CUDDY  - RETAINED 12/05/2003
CUDDY & LANHAM
470 EVERGREEN WOODS
BANGOR ME 04401


Attorney for: COMMUNITY HEALTH AND COUNSELING SERVICES
SAMUEL W LANHAM JR - RETAINED 12/05/2003
CUDDY & LANHAM
470 EVERGREEN WOODS
BANGOR ME 04401



vs
AFFILIATED HEALTHCARE SYSTEMS S/J - DEFENDANT

Attorney for: AFFILIATED HEALTHCARE SYSTEMS S/J
GEORGE SCHELLING  - RETAINED 01/30/2004
GROSS MINSKY MOGAL PA
23 WATER ST SUITE 400
PO BOX 917
BANGOR ME 04402


Attorney for: AFFILIATED HEALTHCARE SYSTEMS S/J
SANDRA L ROTHERA  - RETAINED 03/16/2004
GROSS MINSKY MOGAL PA
23 WATER ST SUITE 400
PO BOX 917
BANGOR ME 04402


Attorney for: AFFILIATED HEALTHCARE SYSTEMS S/J
NATHAN J MARTELL  - RETAINED 04/23/2004
GROSS MINSKY MOGAL PA
23 WATER ST SUITE 400
PO BOX 917
BANGOR ME 04402


Attorney for: AFFILIATED HEALTHCARE SYSTEMS S/J
RENEE L INMAN  - RETAINED 04/23/2004
GROSS MINSKY MOGAL PA
23 WATER ST SUITE 400
PO BOX 917
BANGOR ME 04402


AFFILIATED HEALTHCARE MANAGEMENT S/J - DEFENDANT

Attorney for: AFFILIATED HEALTHCARE MANAGEMENT S/J
GEORGE SCHELLING  - RETAINED 01/30/2004
GROSS MINSKY MOGAL PA
23 WATER ST SUITE 400
PO BOX 917
BANGOR ME 04402

SUPERIOR COURT
PENOBSCOT, ss.
Docket No   BANSC-CV-2003-00222


DOCKET RECORD

Printed on: 10/15/2004

Attorney for: AFFILIATED HEALTHCARE MANAGEMENT S/J
SANDRA L ROTHERA  - RETAINED 03/16/2004
GROSS MINSKY MOGAL PA
23 WATER ST SUITE 400
PO BOX 917
BANGOR ME 04402


Attorney for: AFFILIATED HEALTHCARE MANAGEMENT S/J
NATHAN J MARTELL  - RETAINED 04/23/2004
GROSS MINSKY MOGAL PA
23 WATER ST SUITE 400
PO BOX 917
BANGOR ME 04402


Attorney for: AFFILIATED HEALTHCARE MANAGEMENT S/J
RENEE L INMAN  - RETAINED 04/23/2004
GROSS MINSKY MOGAL PA
23 WATER ST SUITE 400
PO BOX 917
BANGOR ME 04402


EASTERN MAINE HEALTHCARE S/J - DEFENDANT

Attorney for: EASTERN MAINE HEALTHCARE S/J
GEORGE SCHELLING  - RETAINED 01/30/2004
GROSS MINSKY MOGAL PA
23 WATER ST SUITE 400
PO BOX 917
BANGOR ME 04402


Attorney for: EASTERN MAINE HEALTHCARE S/J
SANDRA L ROTHERA  - RETAINED 03/16/2004
GROSS MINSKY MOGAL PA
23 WATER ST SUITE 400
PO BOX 917
BANGOR ME 04402


Attorney for: EASTERN MAINE HEALTHCARE S/J
NATHAN J MARTELL  - RETAINED 04/23/2004
GROSS MINSKY MOGAL PA
23 WATER ST SUITE 400
PO BOX 917
BANGOR ME 04402


Attorney for: EASTERN MAINE HEALTHCARE S/J
RENEE L INMAN  - RETAINED 04/23/2004
GROSS MINSKY MOGAL PA
23 WATER ST SUITE 400
PO BOX 917
BANGOR ME 04402


EASTERN MAINE HEALTHCARE SYSTEMS S/J - DEFENDANT

Printed on: 10/15/2004

Attorney for: EASTERN MAINE HEALTHCARE SYSTEMS S/J
GEORGE SCHELLING  - RETAINED 01/30/2004
GROSS MINSKY MOGAL PA
23 WATER ST SUITE 400
PO BOX 917
BANGOR ME 04402


Attorney for: EASTERN MAINE HEALTHCARE SYSTEMS S/J
SANDRA L ROTHERA  - RETAINED 03/16/2004
GROSS MINSKY MOGAL PA
23 WATER ST SUITE 400
PO BOX 917
BANGOR ME 04402


Attorney for: EASTERN MAINE HEALTHCARE SYSTEMS S/J
NATHAN J MARTELL  - RETAINED 04/23/2004
GROSS MINSKY MOGAL PA
23 WATER ST SUITE 400
PO BOX 917
BANGOR ME 04402


Attorney for: EASTERN MAINE HEALTHCARE SYSTEMS S/J
RENEE L INMAN  - RETAINED 04/23/2004
GROSS MINSKY MOGAL PA
23 WATER ST SUITE 400
PO BOX 917
BANGOR ME 04402


EASTERN MAINE CHARITIES S/J - DEFENDANT

Attorney for: EASTERN MAINE CHARITIES S/J
GEORGE SCHELLING  - RETAINED 01/30/2004
GROSS MINSKY MOGAL PA
23 WATER ST SUITE 400
PO BOX 917
BANGOR ME 04402


Attorney for: EASTERN MAINE CHARITIES S/J
SANDRA L ROTHERA  - RETAINED 03/16/2004
GROSS MINSKY MOGAL PA
23 WATER ST SUITE 400
PO BOX 917
BANGOR ME 04402


Attorney for: EASTERN MAINE CHARITIES S/J
NATHAN J MARTELL  - RETAINED 04/23/2004
GROSS MINSKY MOGAL PA
23 WATER ST SUITE 400
PO BOX 917
BANGOR ME 04402

Printed on: 10/15/2004

Attorney for: EASTERN MAINE CHARITIES S/J
RENEE L INMAN  - RETAINED 04/23/2004
GROSS MINSKY MOGAL PA
23 WATER ST SUITE 400
PO BOX 917
BANGOR ME 04402


KENNETH HEWS  - DEFENDANT

Attorney for: KENNETH HEWS
WARREN SILVER  - RETAINED 02/02/2004
THE SILVER LAW FIRM
133 BROADWAY
PO BOX 844
BANGOR ME 04402-0844


Attorney for: KENNETH HEWS
KAREN KEMBLE  - RETAINED 02/02/2004
THE SILVER LAW FIRM
133 BROADWAY
PO BOX 844
BANGOR ME 04402-0844


DANIEL B COFFEY S/J  - DEFENDANT

Attorney for: DANIEL B COFFEY S/J
WARREN SILVER  - RETAINED 02/02/2004
THE SILVER LAW FIRM
133 BROADWAY
PO BOX 844
BANGOR ME 04402-0844


Attorney for: DANIEL B COFFEY S/J
KAREN KEMBLE  - RETAINED 02/02/2004
THE SILVER LAW FIRM
133 BROADWAY
PO BOX 844
BANGOR ME 04402-0844


Filing Document: COMPLAINT
Filing Date: 12/05/2003

Minor Case Type: OTHER EQUITABLE RELIEF

## Docket Events:

12/08/2003 FILING DOCUMENT - COMPLAINT FILED ON 12/05/2003
          (EXHIBIT A ATTACHED)

12/08/2003 Party(s):  COMMUNITY HEALTH AND COUNSELING SERVICES
          ATTORNEY - RETAINED ENTERED ON 12/05/2003
          Plaintiff's Attorney: KEVIN CUDDY

12/08/2003 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 12/08/2003
          TO PLAINTIFF'S ATTORNEY.